Per Curiam,
Regarding, as we do, the disposition, of this case in the court below as thoroughly just and proper, we affirm the decree and dismiss the appeal at the costs of the appellants.
Trunkey, J., absent from this and the preceding case.
W. M. S., Jr.
Note. — From the fact of work done or goods furnished the law raises the presumption of a promise to pay, as between strangers. This presumption may be rebutted by positive proof or by a stronger presumption. “ Special presumptions take the place of general ones.” Bouvier. Where the parties are members of the same family, the relationship excludes the implication of a promise. Miller’s Ap., 100 Pa. 571; Neel’s Admr. v. Neel, 59 Pa. 349; Wall’s Ap., Ill Pa. 468. It seems that no relationship, except that of parent and child, is sufficient, of itself, to raise the presumption that no payment is intended. “ In the absence of a family relation, the mere consanguinity [of grandfather and grandson] of itself is perhaps insufficient for that purpose.” Clark, J., in Moyer’s Ap., 112 Pa. 293. The latest case on the subject is Barhite’s Appeal, decided May 13,1889. It was there held that a grandfather’s estate was not liable for the personal services of a granddaughter, where there was a family relation, the daughter going from her father’s house to her grandfather’s, when she was nineteen years old.
The rule is definite where the relationship is that of parent and child, and, probably, where the family relation is similar to that of parent and child, but where the relationship is more remote, the rule is not so certain. “ The question always is whether the parties contemplated payment and dealt with each other as debtor and creditor.” Trunkey, J., in Miller’s Ap., supra. It seems to be a question for a jury or an auditor, upon all the evidence; but what evidence is sufficient to support the finding is not clear.
In Pierce’s Ap., 1 Ches. Co. 93, an auditor found that no promise to pay for services would be presumed where the relationship of brother and sister existed, coupled with the facts that the sister lived with the brother many years after the death of their father, in the same house and in the same way as before his death; was treated as a sister and not as a menial or housekeeper; that both remained single; that no accounts were kept by either of the parties or settlements made, the claim running back as far as the statute of limitations would allow, without suggestion that the previous time was paid for. This was approved by the court below and affirmed by the supreme court.
In Barry’s Ap., 2 Cent. E. 291, the relationship was that of brother and sister; the sister came to live with her brother at her own request; board was furnished to her for five years immediately preceding her death; no payments were made by her; the brother was a laboring man, dependent upon his daily wages for his support ; and the sister said to her brother when she went to live with him that she was the owner of a considerable sum of money. The auditing judge disallowed the claim but the court sustained exceptions, and allowed the claim, and this was affirmed by the supreme court. It would seem that the above facts might support the finding of the auditing judge. The report of the case, however, does not show clearly what were his findings.