# Rebecca Hughes, Appellant, *v.* Caroline Keichline, Executrix.

*Decedents' Estates—Claim for services—Evidence—Declarations—Will.*

In an action against a decedent's estate for services, where plaintiff relies upon declarations of the deceased that the services were to be paid for, a will showing a legacy to the plaintiff is admissible in evidence.

In such a case it is proper for the jury to know what had been given to plaintiff by the deceased,—whether during her life, or by her will, to take effect after her death. Such evidence is not conclusive upon the plaintiff, but it is for the jury to say what effect should be given to it.

Argued April 9, 1895. Appeal, No. 152, Jan. T., 1895, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1891, No. 470, on verdict for defendant. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Assumpsit for services as nurse and attendant. Before BREGY, J.

From the record it appeared that plaintiff claimed for services as nurse and attendant rendered to Mary Louisa Buechle in her lifetime for 372 weeks at $20.00 per week. Plaintiff relied upon declarations of Mrs. Buechle to the effect that the services would be paid for.

At the trial the will of the decedent was admitted in evidence under objection and exception, in which it appeared that Mrs. Buechle had left Miss Hughes $150. [1, 2]

The court charged as follows:

" You will have to determine from this testimony whether whatever services this plaintiff rendered to the deceased lady were the acts of courtesy, kindness and friendship, which all of us receive and many of us render every day of our lives, or whether they were that kind of services which was the result of a contract, and which entitle her to compensation. Of course, if you find that whatever she did for this deceased lady was simply the ordinary, kindly, courteous acts of people living in the same house, that were rendered without expectation of receiving pay, and without expectation of being paid for, your verdict ought to be for the defendant, and the plaintiff ought not to receive any verdict. But if, on the other hand, her services were the result, as is claimed, of a contract, then she is entitled to receive for the period that is not barred by the

statute of limitations such compensation as you believe her services are reasonably worth, according to the market price of such services. . . .

"If she was, in other words, engaged as the nurse of this lady, she is entitled to be paid for her services, if she has not been paid. [There is a legal proposition or presumption that people who are ordinarily employed by the week are paid by the week. As most people do not take the trouble of getting receipts from their ordinary household servants, the presumption is that they have been paid by the week. And so it would apply to almost all of these relations in life.] [3] If this woman was employed, and if you are satisfied that she has not been paid, then she ought to be paid, and as there is no evidence of any contract at a certain price, then she ought to be paid that which you are satisfied from this evidence is the market price of that labor. That is all there is in the case. The case is entirely for you."

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were, (1, 2) rulings on evidence, quoting the bill of exceptions ; (2) instruction as above, quoting it.

*John F. Keator*, *William W. Wiltbank* with him, for appellant.

*Theodore F. Jenkins* and *George Pierce*, for appellee, were not heard.

PER CURIAM, May 13, 1895:

The learned court below fairly submitted the question of employment and payment of wages on the basis of a quantum meruit to the jury, and the jury has found against the plaintiff on these questions of fact.   The will of the testatrix was clearly admissible because the evidence in support of the plaintiff's claim under a contract consisted merely of loose declarations of the deceased and, as we held in Barhite's Appeal, 126 Pa. 404, such declarations may mean a provision by will.   It was competent for the jury to know what had been given to the plaintiff by the deceased whether during her life or by her will to take effect after her death.. It was not conclusive upon the plaintiff, but it was for the jury to say what effect should be given to it.

. Judgment affirmed.