# Currey's Estate.

*Decedent's estates—Claim for nursing—Nephew—Consideration—Promise.*

When one person is rendering service to another, which he is under no legal obligation to perform, and the party receiving the benefit makes an express promise that the service shall be paid for, and upon the faith of that promise the services are continued, there is sufficient consideration to support the promise to pay for all the services, past as well as future.

A nephew made a claim against the estate of his uncle for services in nursing him during his last illness. The nephew was married, had a family and lived in his own house, which was some distance from the residence of his uncle. He testified that his uncle promised that he should be paid and told him "to still look after him." The court below disallowed the claim on the ground that as no demand had been made until after the uncle's death the presumption was that the services had been rendered without expectation of pay, and that the promise was without consideration as to past services. *Held*, that the court was bound to consider the evidence as to the promise, and that the promise if made was based upon sufficient consideration.

Argued Oct. 7, 1904. Appeal, No. 67, Oct. T., 1904, by Albert Miller, from decree of O. C. Phila. Co., Jan. T., 1904, No. 94, dismissing exceptions to adjudication, in Estate of Barton D. Currey, Deceased. Before RICE, P. J., BEAVER, SMITH, PORTER and MORRISON, JJ. Reversed.

Exceptions to adjudication.

The facts appear by the opinion of the Superior Court.

480 CURREY'S ESTATE.

Assignment of Errors—Opinion of the Court. [26 Pa. Superior Ct.

*Errors assigned* were in dismissing exceptions to adjudication.

*Edward F. Hoffman*, for appellants.— The services were rendered on a promise to pay and the fact that the claimant was not asked either in chief or in cross examination to state the date when the promise was made, would naturally refer the promise to the date of the inception of the work, but it has been held in Thompson v. Stevens, 71 Pa. 161, SHARSWOOD, J., citing TILGHMAN, J., with approval "it does not matter if the promise to pay is made before or after service : " Snyder v. Castor, 4 Yeates, 353.

A person acting as nurse in an extreme illness is not in the position of a domestic servant but is more in the nature of an assistant to a doctor and should not be expected to render an account, especially where he could be supposed to trust to the decedent, with more expedition than would the doctor: Taylor v. Beatty, 202 Pa. 120; Kauss v. Rohner, 172 Pa. 481.

*T. J. Minton*, for appellees.—An express promise to pay for services rendered cannot be supported by any consideration, wholly past and executed, from which the law could not imply a promise : Fross' Appeal, 105 Pa. 258.

Where a person serves in the capacity of a domestic servant, and no demand for payment of wages is made by the servant for a considerable period after such service has terminated, the presumption is, either that the wages have been paid, or that the service was to be performed on the footing that no wages were to be paid. Especially would this appear to be so where the work is done, at different periods of time, as in this case : McConnell's App., 97 Pa. 31 ; Taylor v. Beatty, 202 Pa. 120 ; Hunt's Est., 15 Phila. 511.

The learned judge erred in not considering the testimony of Albert Miller, confirmed by the testimony of his uncle, Wheeler Currey, that Albert would lose nothing by his attention to him : Sherman v. Kitsmiller, 17 S. & R. 45 ; Purves' Est., 196 Pa. 438.

OPINION BY PORTER, J., November 21, 1904 :

The appellant presented in the court below a claim for

nursing and caring for the decedent during his last illness. The claimant was a nephew of the decedent, was married, had a family and lived in his own home, which was some distance from the residence of his uncle, the decedent. The fact that the appellant had devoted considerable time to nursing and taking care of the deceased, during the last illness of the latter, was undisputed. The decedent suffered a stroke of paralysis on July 2, 1902, and from that day until his death in the following November required constant care and attention, which were largely given by the appellant.

The court below held that the claim fell " within the principle illustrated by McConnell's Appeal, 97 Pa. 31, and Taylor v. Beatty, 202 Pa. 120, and very many other cases, that where a considerable period elapses after such services have been rendered without demand for compensation it is presumed they were paid at the time or that they were rendered without expectation of payment from motives of benevolence or affection, a presumption which is greatly strengthened as between relatives." That such a presumption arises where the evidence in support of the claim merely establishes that the services were rendered, and nothing more, cannot be doubted. This, however, is but a presumption of fact and may be rebutted. When there is positive evidence of a promise that the service should be paid for and that such payment has not been made, it becomes the duty of the court to pass upon that evidence.

The claimant was called as a witness in his own behalf, and the record in the case is made to expressly declare that: " No objection is made as to the competency of the witness to testify as to his own claim." His testimony being thus brought into the case was to be considered by the court, in connection with the other evidence, for whatever it was worth, in view of the effect of the interest of the witness upon his credibility. The witness testified that he called at the house of the decedent on the evening of July 2, found him ill, ministered to his wants, remained all night, and spent seventeen days and five nights during July in nursing him. The witness testified positively that his uncle told him that whether he, the uncle, lived or died "I should be paid, and to still look after him." He testified that he gave up everything to look after his uncle. "Q What did you give up? A. I gave up a steady position

in the Philadelphia National Bank to be able to look after him. Q. You gave that up? A. Yes, sir, because he asked me to when he first failed in health." He testified fully as to the details of the services which he rendered, and that he had never been paid for them, nor had he demanded payment of the deceased at the time the services were rendered, "because he told me that I was to look after him, that I should be well paid for it in case he lived or died."

The court below held that even if the decedent promised to pay for the services of the claimant the promise was without consideration, saying: "His alleged promise to pay would be without consideration for past services and the absence of evidence as to the time at which it was made takes away its efficacy altogether." It thus appears that the learned court below did not pass upon the question whether the promise had been made, holding that even if made it was not enforceable. The appellant and the decedent did not stand in a relation which imposed upon them the legal duty of mutual and reciprocal maintenance and support, such as appertains to the relation of parent and child. Had the parties been members of the same household, a family relation existing, and had no promise to pay been made until after the services were fully performed and at an end, there might have been ground for holding that a promise subsequently made was without sufficient consideration to support it: Appeals of Fross and Loomis, 105 Pa. 258. These parties were not members of the same household and the family relation did not exist. The promise, if made, was made before the consideration for it was fully executed. When one person is rendering service to another which he is under no legal obligation to perform, and the party receiving the benefit makes an express promise that the service shall be paid for, and upon the faith of that promise the services are continued, there is a sufficient consideration to support the promise to pay for all the services, past as well as future: Thompson v. Stevens, 71 Pa. 161; Kauss v. Rohner, 172 Pa. 481.

If the contract was made, there was a sufficient consideration to support it, and the appellant is entitled to compensation for his services. Had the court below considered the evidence, and disallowed the claim upon the ground that it

was not convinced of the existence of a contract, we would not have been disposed to disturb that finding. The conclusion of the court below was, however, arrived at without considering the evidence and, for that reason, cannot be sustained.

The decree is reversed and the record remitted to the court below with direction to pass upon the questions of fact.