## Kujawski v. Sobelewski, Appellant.

*Decedent's estate—Claim for services rendered decedent—Nursing and housekeeping—Evidence—Contract.*

In an action against a decedent's estate for compensation for services rendered the decedent, during the latter years of his life, the plaintiff cannot recover the full amount of her claim, in addition to a legacy, where the evidence upon which the claim is based establishes the fact that she was to be paid by a legacy. In such case, credit for the amount of the legacy must, at least, be given on any amount, found to be due.

*Decedents' estates—Contract with decedent—Settlement by agent —Repudiation by principal.*

A principal cannot repudiate the acts of her agent and at the same time retain the fruits of his settlement. If she repudiates the acts of her agent she must repudiate the whole transaction and restore the parties to the status existing before the settlement.

*Practice, C. P.—Case tried on mistaken theory—New trial.*

When a case was tried upon a wrong theory, and the record fails to furnish a satisfactory foundation for the verdict upon which judgment was entered, a new trial should be granted.

Argued April 14, 1919. Appeal, No. 34, April T., 1919, by defendant, from judgment of C. P. Erie Co., May T., 1916, No. 26, on verdict for plaintiff in case of Bibijanna Kujawski v. Joseph Sobelewski, Executor of the Estate of Joseph Makinowski, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Reversed.

Assumpsit to recover compensation for caring for decedent. Before WHITTELSEY, P. J.

The opinion of the Superior Court states the case.

326, (1919).]    Verdict—Opinion of the Court.

Verdict for plaintiff for $850 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence, answers to points and refusal of defendant's motions for a new trial and for judgment n. o. v.

*S. Y. Rossiter,* for appellant.—The allegations and the proofs on the part of the plaintiff were contradictory and the action could not be maintained: Shenango Limestone Co. v. B. R. & P. Ry. Co., 262 Pa. 446; Dodson Coal Co. v. Delano, 258 Pa. 385; Wilkinson Mfg. Co. v. Welde, 196 Pa. 511.

The plaintiff was estopped from repudiating or denying the authority of her agent: Firth's Est., 14 Phila. 282; Pennsylvania R. R. Co. v. Shay, 82 Pa. 203; Lewis v. Dunlap, 5 Pa. Superior Ct. 625; Johnson et al. v. Patterson, 114 Pa. 398.

The evidence was insufficient to sustain a verdict: Graham v. Graham, 34 Pa. 480; Lally's Est., 18 Phila. 223; Wise, Appellant, v. Martin, 232 Pa. 159.

*C. Arthur Blass,* and with him *Lytle F. Perry,* for appellee, cited: Horton's App., 38 Pa. 294; Ritchie v. Albion Mfg. Co., 173 Pa. 447; Watson v. Lukins, 126 Pa. 630; Wagner v. Peterson, 83 Pa. 238; Brockley v. Brockley, 122 Pa. 1; Marr v. Marr, 103 Pa. 463; Thompson v. Stevens, 71 Pa. 161; Harper's Est., 196 Pa. 137.

OPINION BY HEAD, J., July 17, 1919:

The plaintiff brings this action of assumpsit to recover from the estate of the defendant's decedent compensation for services alleged to have been rendered by her to the said decedent and his wife during the lifetime of the husband. She was the sister of the decedent's wife and, prior to her going to his house in 1908, lived in the City of Buffalo. In November of that year the wife of the decedent became sick and the plaintiff, at the request of

the brother-in-law, came to his home to nurse her sick sister and take care of her household during her illness. About a month later the patient died. Under some arrangement the plaintiff continued to live in the home of the decedent and perform the same household duties during the remainder of his life. He died in January, 1915.

The evidence discloses no agreement between the parties fixing the amount of compensation she was to receive but does satisfactorily establish that she was to be compensated for her services; in other words, that the relation of debtor and creditor existed. It also makes plain, from all of the declarations of the decedent upon which the plaintiff relies, that whatever compensation the plaintiff was to receive, in addition to her boarding, lodging and clothes, was to come to her by some testamentary disposition of his property, effective, of course, only after his death. In his will the testator gave to her a money legacy of five hundred dollars as well as certain furniture which we suppose to have been sufficiently described in the will. It is not before us. The plaintiff was not satisfied with these legacies. She employed counsel either to procure for her a settlement that would be, in her judgment, adequate, or to bring an action to enforce what she believed to be her claim. After some negotiations between her counsel and the representative of the estate, a settlement was arrived at under the terms of which it is claimed she was to receive her money legacy, the additional sum of two hundred and fifty dollars in cash, and fifty dollars in lieu of the furniture specifically bequeathed to her, which she did not care to have.

It is agreed she signed in blank and delivered to her counsel, for some purpose, two receipts. The bodies of these receipts were written over her signature by her own attorney and delivered to the representative of the estate who in turn paid over the sum of eight hundred dollars in cash. We quote the receipts. "Received, March 12, A. D. 1915, of Joseph Sobelewski, Executor of

the estate of Joseph Malinowski, deceased, $750 in full for services rendered to Joseph Malinowski, deceased, in his lifetime." "Received, Erie, Pa., March 12, A. D. 1915, of Joseph Sobelewski, Executor of the estate of Joseph Malinowski, deceased, legacies according to the terms of the will of Joseph Malinowski, deceased." On its face the first quoted receipt is a complete answer to the claim of the plaintiff. She undertakes, by the testimony produced at the trial, to overcome the legal effect of the receipt by parol evidence tending to prove that the agent to whom she entrusted the blank receipts exceeded his authority in the premises. This testimony tended to show that she signed the receipts for the purpose of securing her money legacy and a cash equivalent for the specific bequest of the furniture. She therefore repudiated the act of her agent in settling or attempting to settle her unliquidated claim against the estate. The learned trial judge submitted the question to the jury and their verdict was in her favor in the sum of eight hundred and fifty dollars. From the judgment entered on that verdict the defendant appeals.

There is evidence from which the jury could ascertain the period of time during which services were rendered to the decedent's wife, the nature of those services, and the reasonable compensation earned by the plaintiff. The verdict, however, is in a lump sum and it cannot be determined what portion of it was awarded to the plaintiff because of such services. The evidence reasonably tends to show that after the death of the wife the plaintiff remained in the home of the deceased until his death in 1915 and continued to perform the duties of an ordinary domestic servant. We find nothing in the record that would fairly enable the jury to ascertain from the evidence the reasonable value of such services as distinguished from others for which she claims. The evidence is extremely vague and unsatisfactory as to the physical condition of the decedent during the six or seven years the plaintiff continued to live with him and render do-

mestic services. It is said that he was "ailing" most of the time and that she nursed him when he needed such aid. No physician was called to testify that the decedent required medical care or attention during these years. There is certainly nothing to show that he was constantly in need of the skilled services of a trained nurse. There is one statement we discover in the testimony of a single witness, in no way professionally qualified to give such testimony, that he suffered with consumption and cancer.

Now it is clear from the testimony offered by the plaintiff herself that the compensation she had agreed to accept was to be made by some testamentary provision in her favor. From this it would seem to follow that the legacies given to her by the will of the decedent ought to be regarded as an attempt at least on his part to execute the agreement he had made. We may concede, for the purposes of this case, that she was not concluded by these provisions if she were able to show that in fact they were inadequate to satisfy the legal obligation of the deceased to reasonably compensate her. We do not think, however, she is in a position to regard them as mere gratuities and recover in addition to them the full amount of the wages she may have earned. They at least should be a credit pro tanto on the amount of her compensation.

Now it is agreed the plaintiff signed two receipts in blank for some purpose. She delivered them in that condition to an agent of her own selection. It is hard to see why it was necessary to employ counsel at all merely to obtain the legacies named in the will about which there was no dispute whatever. Again, if her purpose was merely to deliver formal receipts for these legacies, the amount of which was known, it is not apparent why the receipts could not have been filled out before signature. These circumstances indicate strongly that some discretion was to be exercised by her agent in agreeing to the amounts for which the receipts were to stand. The

record, however, fails to show that any consideration was given by either court or jury to these matters.

But there is another element in the transaction which we do not feel at liberty to ignore. The agent of the plaintiff certainly made a settlement for her of an unliquidated claim against the estate of the decedent. By virtue of that settlement she received the sum of eight hundred dollars in cash to which the will in terms gave her no title. If she is at liberty to repudiate the act of her agent, she must repudiate it entirely. She cannot ratify it in so far as it was advantageous to her, retain the fruits of it and then deny his authority to finish the settlement. If she is to be permitted to go behind the written evidence she has made, the defendant executor should be restored to the status he occupied before any settlement was attempted by the agent. As we have said, the testimony upon which she must rely to make out any claim shows that she was to be paid by a legacy. How can she then assert the legacy was a gratuity and had no relation whatever to the services rendered by her and should not be regarded as compensation at least in part for such services? At the trial the agent who represented her in this settlement seemed to be unable to give any testimony of any value to any person. On the motion for a new trial an affidavit made by him was presented to the learned trial judge. It is quoted in his opinion overruling the motion. Had the witness testified at the trial to the facts set forth in that affidavit, it appears to us to be more than likely a different verdict would have been rendered.

Because of the several considerations to which we have adverted we cannot escape the conclusion that the case was tried upon the wrong theory and that the record, as it is now before us, fails to furnish a satisfactory foundation for the verdict upon which judgment was entered. We must therefore send the case back to be tried along the lines here indicated so that whatever verdict may be rendered upon such new trial will be more clearly respon-

sive to the facts established by the evidence than is the present one.

The judgment is reversed and a venire facias de novo awarded.