## Conkle v. Byers' Exr., Appellant.

*Decedents' estates—Contract—Services—Agreement to give real estate on death—Evidence—No family relation — Legacy — Presumption as to payment of debt—Periodic payment.*

1. A claim against the estate of a decedent for services rendered in her lifetime, must be carefully scanned and allowed only on clear proof.

2. Where the claimant and deceased were not related, and did not reside in the same house, except for a short time, less stringency of proof is required than would be between near relatives, or where the family relation exists.

3. Where it is established that decedent agreed to leave claimant the house in which deceased lived, in consideration of services to be rendered to her until she died, and the services are faithfully rendered, but decedent does not devise the house to claimant, yet leaves her a legacy of one thousand dollars which is only one-sixth of the worth of the services, the acceptance of such legacy does not preclude claimant from recovering the value of her services.

4. In such case there can be no presumption that the legacy was in payment of the debt, inasmuch as the legacy was much less than the debt, and the indebtedness was unliquidated.

5. It was proper in such case to leave the question to the jury whether the legacy was intended by testator as a gratuity or a credit on the indebtedness, with directions to allow it if the latter, and disregard it if the former.

6. Where a contract was made by a decedent in her lifetime to devise a house to the other party in consideration of services until decedent's death, it is immaterial whether the contract was made before or while the services were being performed.

7. In such case there is no presumption of periodic payment as the contract provided for payment at a certain time, in this case decedent's death.

Argued January 13, 1925.  Appeal, No. 120, Oct. T., 1924, by defendant, from judgment of C. P. Allegheny Co., April T., 1922, No. 2355, on verdict for plaintiff, in case of Zodara K. Conkle v. Fidelity Title & Trust Co., executor under will of Lizzie D. Byers, deceased.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Assumpsit for services.  Before DOUGLASS, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $6,030.  Defendant appealed.

*Error assigned* was, inter alia, (1) refusal of judgment for defendant n. o. v.

*George E. Shaw,* of *Reed, Smith, Shaw & McClay,* with him *Herbert R. Hahn,* for appellant.—There was not sufficient evidence to establish a contract to convey property by will: Caldwell v. Taylor, 276 Pa. 398.

Plaintiff may not recover the value of her alleged services and also receive the legacy given her under the will of decedent: Neal v. Gilmore, 79 Pa. 421.

*Drayton Heard,* with him *Sterrett & Acheson,* for appellee.—The decisions do not require any particular number of witnesses or any special form of words with respect to an express contract to compensate by will for services rendered: Harrington v. Hickman, 148 Pa. 401; Eichelberger's Est., 170 Pa. 242; Gerz v. Demarra, 162 Pa. 530; Miller's App., 100 Pa. 568; Thompson v. Stevens, 71 Pa. 161; Kauss v. Rohner, 172 Pa. 481; Humbert v. Trust Co., 269 Pa. 132; Mack's Est., 278 Pa. 426.

There is no presumption that the legacy of $1,000 to Mrs. Conkle was in satisfaction, either in whole or in part of her claim for services: Horner v. McGaughy, 62 Pa. 189; Glover v. Patten, 165 U. S. 394; Dale v. Dale, 241 Pa. 234.

OPINION BY MR. JUSTICE WALLING, February 2, 1925:

In this action of assumpsit, Zodara K. Conkle recovered a verdict and judgment of $6,030 against the executor of Lizzie D. Byers, deceased, for services rendered the latter, and defendant has appealed. The deceased, a maiden lady, lived in her own house at Coraopolis, Allegheny County, and plaintiff, a married woman, was her friend and neighbor. In 1909 the deceased's mother died alone under distressing circumstances and the proof indicates that, inter alia, to guard against a like calamity, the deceased entered into a contract with plaintiff by which the latter was to serve her when and as called upon during the life of the former and at her death to receive in payment therefor Miss Byers' home. The evidence shows the deceased stated the contract as follows: "We have an agreement that Mrs. Conkle is to do for me whatever I may require, outside of my home or in it. She has agreed to do for me anything that I may require her to do, and in return I am to give her, when I am gone, this house, lot and contents." The jury's finding that there was such a contract was supported by sufficient evidence, the strongest being that of Mrs. Atlanta Crawford, a neighbor, to the effect that on several occasions the deceased repeated to her the terms of the contract as above stated, once in the presence and with the approval of plaintiff. That the latter performed the contract on her part is shown by numerous witnesses; she called Miss Byers every morning on the telephone, was constant in her attendance upon her, accompanied her to many different public meetings, functions, etc., assisted her in the work at her home, nursed and cared for her in sickness and in all respects acted the part of a faithful servant and attendant. Miss Byers often expressed to others her appreciation of plaintiff's assistance. In 1918 the deceased executed a will and codicil and by the latter gave plaintiff the house, lot and contents; by a later codicil, however, this bequest was changed to a legacy of one thousand dollars.

After a lingering illness, during which she required the attendance of trained nurses, Lizzie D. Byers died in 1921, at the age of sixty-nine years. Thereafter plaintiff received the one-thousand-dollar legacy, through the orphans' court, the record showing the same was accepted without prejudice. Plaintiff and Miss Byers were not related, nor did they reside in the same home, except for a few months shortly before the latter's death. Therefore less stringency of proof is required than would be between near relatives or where the family relation existed. Nevertheless, such a claim as here presented must be carefully scanned and allowed only on clear proof: Thompson v. Stevens, 71 Pa. 161, 168; Harrington v. Hickman, 148 Pa. 401. The testimony of Mrs. Crawford, however, if credited, and that was for the jury (Eichelberger's Est., 170 Pa. 242; Gerz's Exrx. v. Demarra's Exr., 162 Pa. 530; McDonald v. Eiler, 81 Pa. Superior Ct. 172), established the existence of such a contract as entitled plaintiff to recover the value of her services rendered on the faith thereof, the house not having been given her; and it is immaterial whether the contract was made before or while the services were being performed: Currey's Est., 26 Pa. Superior Ct. 479.

Appellant relies upon Caldwell v. Taylor, 276 Pa. 398, but there the claimant was a foster daughter of the deceased and a member of his family from the time she was twenty months old; hence, a higher standard of proof of the contract was required. In addition, claimant there failed to show performance on her part. As the contract here provided for payment at the death of Miss Byers, no presumption of periodic payments arose, nor was any part of plaintiff's claim barred by the statute of limitations: Kauss v. Rohner, 172 Pa. 481. Under the evidence, defendant's request for binding instructions was properly refused.

Acceptance of the one-thousand-dollar legacy did not preclude plaintiff from recovering for services rendered

under the contract: Dale v. Dale, 241 Pa. 234. Some of our earlier cases hold that the legacy is presumed to be in payment of the debt; but in any event there can be no such presumption except where the former is equal to or greater than the latter (Glover v. Patten, 165 U. S. 394, 410) and not as here where it was less than one-sixth of the indebtedness. Again, no such presumption can arise where as here the indebtedness was unliquidated (28 R. C. L. p. 299), for it cannot be assumed that by a specific legacy the testator intended to discharge a liability the amount of which was unascertained.

In the instant case, the question whether the legacy was intended by testator as a gratuity or a credit on the indebtedness was submitted to the jury, with directions to allow it if the latter, and disregard it if the former. This properly followed the rule as stated in Thompson v. Stevens, supra, and in Hughes v. Keichline, 168 Pa. 115, where we say: "It was competent for the jury to know what had been given to the plaintiff by the deceased whether during her life or by her will to take effect after her death. It was not conclusive upon the plaintiff, but it was for the jury to say what effect should be given to it." The case of Neal's Executors v. Gilmore, 79 Pa. 421, is not parallel for what is there held is that the claimants must account, not for what they received under the will but for what the decedents in their lifetime had paid them in part performance of the contract.

There is nothing in the record to throw doubt on the integrity of plaintiff's claim or that calls for a reversal.

The assignments of error are overruled and the judgment is affirmed.