## Nusbaum's Estate.

392

*William T. Cooper*, for claimant, exceptant.
*Ralph B. Umsted (Umsted & Wolfe* with him), contra.

LAMORELLE, P. J., March 27, 1930.—The Auditing Judge in a well-considered opinion has found as a fact that the services rendered were worth $20 per week for a full term of 130 weeks, or a total of $2600, and that no payment therefor has been made. He has, however, ruled that the services were performed not because of an express or an implied contract, but upon the expectation of a legacy, the amount of which proved disappointing to the claimant; the ruling was based on what is said in Gilbraith's Estate, 270 Pa. 288, and authorities therein cited. In our opinion, the Auditing Judge has given undue importance to this and kindred cases, both before and after. We are of opinion that these cases and Swieczkowski *v.* Sypniewski, Exec'r, 294 Pa. 323, are not applicable to the facts in the instant case, because here there was an expectancy based upon a promise and not a mere expectancy or hope that claimant would be remembered in a will.

Mrs. Nusbaum, a widow, had lived with Mrs. Fritz as a boarder for some nine years immediately preceding her death, except for two short periods of time; one while at a hospital for an operation, followed by a trip to the seashore, and another for the last three weeks of her life, while she was in another hospital, where she died.

On Aug. 11, 1926, she made a will, wherein she bequeathed $1000 to Mrs. Fritz. She died Jan. 3, 1928. Thus the nursing continued for nearly seventeen months after the execution of the will.

What is meant when we speak of services performed in expectation of a legacy? Do we mean something in hope or expectation without any understanding whatsoever, or do we mean services rendered because of a promise, express or implied, to pay at death? This is what Mr. Justice Sharswood says on the subject in Thompson *v.* Stevens, 71 Pa. 161, 169: "The second question may be briefly disposed of. Certainly, where services are gratuitously rendered under the mere expectation of a legacy, there can be no recovery, for in such a case there is no contract at all: Little *v.* Dawson, 4 Dall. 111; Swires *v.* Parsons, 5 W. & S. 357. But in Roberts *v.* Swift, 1 Yeates, 209, it was decided that if one does services for another at his request, no matter what his expectations were, *assumpsit* may well be supported to recover a compensation. And in Snyder *v.* Castor's Admin'r, 4 Yeates, 353, it was said by Mr. Chief Justice Tilghman, in pronouncing the opinion of the court: 'It has been urged by the defendant's counsel, that if a person serves another through the expectation of a legacy, in which he is disappointed, he cannot support an action. The law certainly is so, but cannot be applied to a

case where the person for whom the services was done promises to pay for it; and it is immaterial whether the promise be made before or after the service.' "

It is said in Gilbraith's Estate, 270 Pa. 288, 295: "So far as any conclusion can be drawn from the statements quoted, it would be the witnesses thought claimant's services were to be recompensed by a legacy, and not otherwise; and the case, in this aspect, is within the rule that where services are rendered in expectation of a legacy to be given, there can be no recovery against a decedent's estate, for this excludes the idea of a contractual relation between the parties: Miller's Estate, 136 Pa. 239, 210; Cummiskey's Estate, 224 Pa. 509, 513."

This case really turned on the question of periodic payments, and the above quotation would seem to show that "expectation" meant expectation and nothing more, for while expectation alone naturally excludes a promise, express or implied, an expectation based on a promise does not exclude the idea of an agreement.

While similar reference appears in Swieczkowski v. Sypniewski, Exec'r, 294 Pa. 323, it appears that the relationship was that of niece and uncle, and as the niece had been taken into the family by her uncle and maintained by him as a member thereof, it was held that an express contract had to be proved.

In the instant case the parties were not related.

That decedent recognized the services rendered is shown by the will itself, wherein a legacy of $1000 is given the claimant, and it is a reasonable inference that the legacy was given because of the desire to pay for the services rendered. Claimant's statement that Mrs. Nusbaum told her that she had willed her one thousand dollars when she had taken her (Mrs. Nusbaum) through the other sickness stands uncontradicted. Likewise, the testimony of Mrs. Kate Harley that Mrs. Nusbaum told her that she had willed Mrs. Fritz two thousand dollars stands uncontradicted. Moreover, the following from pages 39 and 40, notes of testimony of the claimant, is material.

By Mr. Umsted: Q. You heard Mrs. Edna Nusbaum testify that Mrs. Nusbaum had said in your presence and in her presence that she would take care of you? A. Yes; I heard that. Q. You heard her say that Mrs. Nusbaum had in her presence and your presence said that she would take care of you in her will? A. In my presence—she told me that time and again she would take care of me, and she never could get done talking about what I had done for her, that she never could repay me for what I had done. Q. What she was going to do for you? A. Yes; she never could repay me for what I had done for her. Q. Is that the reason you were so attentive to her? A. Well, it was one reason, of course. Q. It was the principal reason, wasn't it? A. Yes; certainly.

And from page 42, notes of testimony:

By Mr. Umsted: Q. By the way, how much did Mrs. Nusbaum say she would leave you in her will? A. Well, I never asked her. She wouldn't allow me to ask her that. She would say you are interfering with my private affairs. That was her talk. Q. How much did you expect? A. Well, I expected more than that; I expected at least $3000—not more.

It, therefore, follows that payment was to be by will; that services were performed because of this understanding; that claimant is dissatisfied in the amount of the legacy, in that it is not what she "expected" (to get). Accordingly, she elects to claim on a quantum meruit. In these circumstances, the Auditing Judge having fixed the value of the serives at $2600, the legacy is to be taken as a payment on account (($1000, less tax, $100), Kujawski v. Sobelewski, 72 Pa. Superior Ct. 326; and the exceptions are to be sustained

to this extent, and the claimant is awarded $2600, less $900, with interest thereon.

Accordingly, exceptions one and two are dismissed, and exceptions three, four and five are sustained, as indicated in and by this opinion, and the adjudication, thus modified, is confirmed absolutely.