Heck *v.* Rettick, Admrs., Appellant.

Argued April 23, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and GRAFF, JJ.

*Joseph C. McLaughlin,* for appellant, cited: Moore's Estate, 12 Pa. Superior Ct. 599; McHugh's Estate, 152 Pa. 442.

*A. M. Christley,* and with him *C. V. Marinaro,* for appellee, cited: Gilbraith's Estate, 270 Pa. 288; Flaccus v. Wood, 260 Pa. 161.

OPINION BY KELLER, J., July 10, 1930:

In the light of the evidence and the admissions in the pleadings we think this case was rightly decided in the court below. The agreement of the decedent to pay plaintiff $20 a month was expressly limited to her room and board. It was made when decedent was in good health and able to take care of herself. No personal attendance or nursing on the part of the plaintiff was contemplated and the compensation agreed upon between them was restricted to payment for bed and board. Several months later decedent became seriously ill from a severe bronchial affection; she also became subject to convulsions or spasms and lost the control of her bowels. She was bedridden much of the time thereafter and required almost constant care, nursing and personal attention of the most disagreeable nature. This the plaintiff, in whose house she was living, was compelled to furnish her. She had no relatives in the immediate vicinity except the administratrix defendant and the latter, on account of her small house and her family, was unable to care for her. The plaintiff, who lived alone without help, nursed and cared for the decedent, until her own health broke down and decedent had to be removed to the hospital, where she died

about two weeks later. They were not related to each other in any way, by blood or marriage.

We agree with the court below that the services thus required were not contemplated by either party to the agreement when it was made; they were not of the same kind as those provided for in the agreement; it was not a difference in degree but a different kind of service required; hence the authorities relied on by appellant, such as Rosencrance v. Johnson, 191 Pa. 520, et al. which hold that where a contract for services has been entered into no recovery can be had for extras performed of the same kind or along the same line as those contemplated in the agreement, and therefore presumptively within its terms, in the absence of an express contract providing for their payment, are not applicable. In the circumstances here present they can be recovered for upon a quantum meruit: Harrington v. Hickman, 148 Pa. 401. The decedent's recognition of her liability and obligation to pay was quite as strong in this case as in that one. There the plaintiff recovered on proof that the decedent had said: "Betsy is very kind to me. I have promised her that she shall be paid by my executors when I am gone for waiting on me." In the present case it was proved that the decedent, shortly before she left for the hospital, said to plaintiff, in the presence of two witnesses: "Em, you have never been paid for taking care of me, and when I get up and around I will pay you;" and at another time, somewhat earlier: "If I don't pay you, Em, if anything happens to me before I pay you, you come in for your share."

It was proved beyond dispute that the decedent had not paid plaintiff anything beyond the $20 a month covered by the agreement, and the defendant herself proved that payments on that account were not made at regular intervals or stated periods. The last payment made covered seven months time. Decedent had her money in bank in savings accounts and it was more

difficult and inconvenient to withdraw it than if it had been deposited in a checking account.

The testimony shows the decedent's recognition of a contract to pay the plaintiff what her services were worth and her assumption of the liability arising out of it; and it is immaterial whether the contract was made before or while the services were being performed: Conkle v. Byers' Exr., 282 Pa. 375, 378. "When one person is rendering service to another which he is under no legal obligation to perform, and the party receiving the benefit makes an express promise that the service shall be paid for, and upon the faith of that promise the services are continued, there is a sufficient consideration to support the promise to pay for all the services, past as well as future": Currey's Est., 26 Pa. Superior Ct. 479, 482. See also: Thompson v. Stevens, 71 Pa. 161; Eichelberger's Est., 170 Pa. 242; Kauss v. Rohner, Exr., 172 Pa. 481.

Under the evidence in the case on both sides the presumption of payment did not arise.

Defendant's only assignment of error is to the refusal of the court to enter judgment non obstante veredicto in her favor. It is overruled and the judgment is affirmed.