Estate of Rachel Nusbaum, Dec'd.

18

Argued October 14, 1930.

Before

TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNING-HAM, BALDRIGE and WHITMORE, JJ.

*Ralph B. Umsted* of *Umsted & Wolfe,* for appellant. —No recovery can be had against a decedent's estate for services rendered in expectation of a legacy: Swieczkowski v. Syniewski, Executor, 294 Pa. 323;

Miller's Estate, 136 Pa. 349; Gilbraith's Estate, 270 Pa. 288.

*William T. Cooper,* for appellee, cited: Curry v. Curry, 114 Pa. 367; Thompson v. Stevens, 71 Pa. 161.

OPINION BY KELLER, J., December 12, 1930:

The auditing judge held that the appellee, Mrs. Fritz, had performed services for the decedent, by way of nursing, of the value of $2600, and that she had not been paid for them by the decedent; but he also ruled that there could be no recovery against her estate because the services had been rendered in expectation of a legacy. The court in banc reversed the ruling of the auditing judge, distinguishing between services voluntarily rendered in mere hope or expectancy of a legacy, and those rendered at the request of the decedent and pursuant to a promise that they should be paid for at death, by provision by will or otherwise, and held that this claim comes properly within the latter class of cases.

We think that the particular circumstances of this claim, as brought out in the evidence, sustain the action of the court in banc.

Some confusion on the subject has appeared in the decisions, due perhaps to a misconception of the scope of the expression, 'services rendered in expectation of a legacy,' and a failure to differentiate such services from those rendered to a decedent at his request, by one occupying a relation which would negative the idea that they had been gratuitously rendered, and pursuant to a promise or agreement, express or implied, that they should be compensated for after his death by a legacy or by payment out of his estate. The distinction was never better expressed than by Judge PENROSE in Heathcote's Est., 15 W. N. C. 532, —in which recovery was denied to a niece of decedent's

wife and allowed to his sister-in-law—as follows: "It is perfectly well settled that an action will lie against the estate of a decedent for breach of an agreement to make provision by will for one who, at the request of the promisor, has performed services for him; and that compensation may also be demanded, where the claim is not barred by the Statute of Limitations, for services rendered by request, even if the person rendering them did so in expectation of a legacy (Addison on Contracts, *53; Roberts v. Swift, 1 Yeates 209; Thompson v. Stevens, 21 Smith [71 Pa.] 161, etc. etc). It is different where the services have been rendered without request, in the hope of receiving a legacy, and where, consequently, there is no contract whatever on the part of the party receiving them." The distinction was recognized by the Supreme Court in Cumminsky's Est., 224 Pa. 509, 513, where the opinion writer, Mr. Justice MESTREZAT said: "The simple anticipation by the claimant of receiving a legacy, without more, is not sufficient to impose liability for such services rendered a decedent. There is no evidence that the decedent ever promised Mrs. McEvoy to compensate her by a legacy." The authorities cited by Judge PENROSE, supra, and numerous others, support his statement of the law. In Roberts v. Swift, supra, the Supreme Court said: "If the jury were satisfied from the whole of the evidence, that the services were done at the request of the testator, no matter what the plaintiff's expectations were, the action may well be supported," (p. 212). In Little v. Dawson, 4 Dallas 110, the jury were instructed, "That if the services were rendered merely in expectation of a legacy, without any contract, express or implied, but relying, implicitly, on the testator's generosity, the action could not be maintained. The weight of the evidence, however, is that he promised to take care of her, though he did not say how," and

a recovery was allowed. In Thompson v. Stevens, 71 Pa. 161, where a verdict of $10,000 for services rendered the decedent by the plaintiff as housekeeper, nurse and business agent was sustained, the Supreme Court said, speaking through Mr. Justice SHARSWOOD: "Certainly where services are gratuitously rendered under the mere expectation of a legacy, there can be no recovery, for in such case there is no contract at all; Little v. Dawson, 4 Dall. 111; Swires v. Parsons, 5 W. & S. 357. But in Roberts v. Swift, 1 Yeates 209, it was decided that if one does services for another at his request, no matter what his expectations were, assumpsit may well be supported to recover a compensation. And in Snyder v. Castor's Adm., 4 Yeates 353, it was said by Mr. Chief Justice TILGHMAN in pronouncing the opinion of the court: 'It has been urged by the defendant's counsel, that if a person serves another through the expectation of a legacy, in which he is disappointed, he cannot support an action. The law is certainly so, but cannot be applied to a case where the person for whom the services were done promises to pay for it; and it is immaterial whether the promise be made before or after the service'."
The Supreme Court, thus in 1872, re-affirmed the doctrine and distinction announced in the older cases.

The rule seems to be that if the contract or agreement between the parties was that the services so rendered the decedent at his request should be compensated for by a money legacy definite in amount, or capable of being ascertained, that sum may be recovered if the decedent fails to provide for the legacy agreed upon: Miller's Est., 136 Pa. 349; Thompson v. Stevens, 71 Pa. 161, 169; while if no amount is fixed, the one rendering the services is entitled to their fair value, by way of claim against the estate, if an adequate legacy is not given by will: Moorhead v.

Fry, 24 Pa. 37, 39; Kujawski v. Sobelewski, 72 Pa. Superior Ct. 326.

The rule is otherwise (1) where the services were gratuitously rendered, without request, in the mere hope or expectation that a legacy would be given in the decedent's will, or (2) where the relation between the parties was such as to negative the idea of payment for the services in the absence of an express contract to pay for them, and the expressions of the decedent evidenced not a contract or agreement to pay for them by a legacy, but a *mere intention* on his part to make a legacy, which, of course, was not binding upon him but alterable at his pleasure. See Swieczkowkski v. Syniewski, 294 Pa. 323; Gilbraith's Est., 270 Pa. 288; Miller's Est., supra; Pollock v. Ray, 85 Pa. 428; Neal v. Gilmore, 79 Pa. 421; Barhite's App., 126 Pa. 404; Hartman's App., 3 Grant 271.

In the present case it appears that the appellee was no relation of the decedent by blood or marriage. The latter boarded and lodged with her for nine years, for which $15 a week was regularly paid. Several years before her death the decedent became afflicted with cancer of the breast, and at her request the appellee nursed her, performing duties of a most disagreeable character. She had to do it herself as she employed no servants. For this service, decedent never paid the appellee anything in her lifetime, but frequently promised that she would take care of it in her will; that she would remember her in her will and see that she was taken care of. The appellant herself called Mrs. Fritz as a witness, so that she was made fully competent to testify as to all relevant matters: Act of May 23, 1887, P. L. 158, Sec. 7.

It appeared by the evidence that the decedent underwent two operations for cancer. After the appellee nursed her through the first one decedent told her she had willed her $1000 for her services. This she did

in her will dated August 11, 1926. When the trouble recurred and appellee was called upon to renew her services as nurse, lasting practically until decedent's death, the latter frequently promised to take care of her in her will without specifying any amount, but died before she had made provision for the additional nursing either by a new will or a codicil. We think the legacy, made after the first period of nursing and the first operation, is evidence of the decedent's understanding and agreement that appellee was to be paid for these additional and unusual services, and when her trouble recurred, that it was on the basis of services to be paid for at her death that the decedent asked these unpleasant and disagreeable duties of the appellee, and that the latter performed them. The language of the promise or agreement is somewhat general and indefinite, but not more so than in Thompson v. Stevens, supra, p. 163; Harrington v. Hickman, 148 Pa. 401, 404; Lindsey's App., 1 Monaghan, 411, 413; Gibb's Est., 266 Pa. 485, 488; Heck v. Rettick, 99 Pa. Superior Ct. 211, 213. See also Ranninger's App., 118 Pa. 20, and Eichelberger's Est., 170 Pa. 242.

Cottrell's App., 4 W. N. C. 237 is very like this case in its facts; almost identical except that in that case the decedent's condition was due in part to his dissipation. The Supreme Court there said: "This was not a case of an alleged contract with a relative and member of the decedent's family, nor of a service performed in expectation of a legacy, and is therefore not to be governed by the stringent rules applicable to such cases. Here were invaluable services performed by a stranger and boardinghouse keeper in the line of her business, and far in excess of ordinary attention to her guests. The recipient was one whose frailties or whose vices rendered the services to him invaluable and essential to his comfort, and indeed in prolongation of his life. The services were performed for him upon

his express assumption to pay for them. The terms of payment, it is true, were somewhat vague, as that she should be made independent, would not have to keep boarders, would be made comfortable, etc. Yet they were clearly evidence of an intention to pay what the services were worth, and even more, that a liberal compensation should be rendered before or after his death. The contract was certainly not void, but was such as could be rendered certain quite as easily as an implied promise quantum meruit or quantum valebat.''

We are of opinion that the facts and circumstances of this case distinguish it from the decisions relied on by the appellant and justify the action of the court below. The court correctly held that the net value of the legacy given appellee must be considered as a payment on account, in reduction of her claim: Kujawski v. Sobelewski, supra, p. 330.

The assignments of error are overruled and the decree is affirmed at the costs of the Appellant.