## Szusta *v.* Krawiec et al., Appellants.

Submitted March 3, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and HIRT, JJ.

*Morris A. Glazier* and *E. F. McGovern,* for appellants.

*J. Q. Creveling* and *P. J. O'Connor,* for appellee.

OPINION BY BALDRIGE, J., April 18, 1941:

This appeal by defendants is from a judgment entered on a verdict in favor of the plaintiff for $1250, in an action of assumpsit brought to recover the value of domestic services rendered. The appellants contend that the plaintiff in her statement of claim alleged a breach of an oral contract whereby she was to receive a specific remuneration for her services and that she failed to prove the contract; that the evidence established only the performance of services and that the verdict rendered was on a quantum meruit basis therefor. It is argued that this variance in the allegata and probata defeats plaintiff's right to recovery, and that the court should have given binding instructions for the defendants.

A reference to the plaintiff's claim discloses that she alleged that at the request of Joseph Robleski, now deceased, she consented orally to perform certain domestic services for which he agreed to pay and to provide security for the fulfillment of his promise by devising to her one-half of certain real estate located in the Borough of Plymouth, valued at $5000, and in case he sold the real estate his executors would be directed to pay her the sum of $2000 as compensation for her services. She averred that she faithfully performed her part of the contract from 1909 until the deceased's death in 1932. The suit was brought to recover $2000 with interest from January 30, 1932, the alleged value of her services.

Plaintiff, in support of her claim, called Mrs. Gregorowicz, who testified that in 1925 when Mrs. Robleski, wife of the decedent, was on her deathbed she reminded her husband of the valuable services that the plaintiff was rendering and requested him to give her in his will one-half of the house in which they lived, or if he sold it to bequeath her $2,000. Robleski expressed his

appreciation of the plaintiff's care and attention and agreed that he would carry out the wishes of his wife. Mrs. Szusta, who was present, agreed that she would continue her work for Robleski after the wife's death.

W. A. Millard, Esq., a member of the Luzerne County Bar, testified that he prepared a will in 1932 at Robleski's request in accordance with the instructions given him. He stated that the testator repeated the promises he made to his wife on her deathbed in the presence of Mrs. Gregorowicz, and said that the plaintiff had taken care of him since that time, and that he wanted to live up to his promises and have his will made accordingly. The will, which 'was executed on the 20th of August, 1932, devised to the plaintiff and her son, who had assisted in the care of decedent's home, one-half of the house wherein he resided in the Borough of Plymouth. This will was later revoked and a new will made wherein no mention was made of the plaintiff.

True, as appellant asserts, no definite date was alleged or proven when the original contract was made, but it is immaterial whether the contract was entered into before or while the services were being performed: *Conkle v. Byers' Exr.*, 282 Pa. 375, 378, 127 A. 848. As stated in *Currey's Estate*, 26 Pa. Superior Ct. 479, 482: "When one person is rendering service to another which he is under no legal obligation to perform, and the party receiving the benefit makes an express promise that the service shall be paid for, and upon the faith of that promise the services are continued, there is a sufficient consideration to support the promise to pay for all the services, past as well as future."

The decedent having failed to compensate the plaintiff in accordance with the alleged agreement, she was entitled to the reasonable value of the services performed. The rule repeatedly recognized is that the measure of damages for a breach of an agreement to will real property in consideration for services rendered, is the

value of the services performed on faith of the contract and not the value of the property promised: *Hertzog v. Hertzog's Administrator*, 34 Pa. 418; *Byrne's Estate*, 122 Pa. Superior Ct. 413, 186 A. 187; *Bemis et ux. v. Van Pelt, Exr., et al.*, 139 Pa. Superior Ct. 282, 11 A. 2d 499.

It was incumbent upon the plaintiff simply to show the existence of an agreement to pay her for the services rendered, the nature and extent thereof, and that they were accepted. That was done. The value thereof was for the determination of the jury: In re: *Estate of Martin W. Griffin*, 96 Pa. Superior Ct. 185.

The appellant cites *Witten v. Stout, Exr.*, 284 Pa. 410, 131 A. 360, as controlling this case. The plaintiff there was a relative of the decedent's wife and went to live with him. She relied on an alleged verbal agreement that the decedent would will to her certain real estate in compensation for her services. She failed, however, to prove the existence of a contract and to produce sufficient testimony to overcome the strong presumption that the services she rendered were paid for at stated periods.

In this case the contract was proven and the plaintiff was not a relative of the decedent or his wife. There was no legal implication that her services were periodically paid for, as the agreement provided for payment at the death of Robleski, or that they were voluntarily performed, as there was no legal or moral duty upon her, a stranger, to devote her time and efforts in discharging personal and household duties for him: *Conkle v. Byer's Exr.*, supra.

In our judgment the plaintiff successfully carried the burden resting upon her, and we find no such variance between the allegations in her statement of claim and proof offered in support thereof, as appellant alleges, that justifies us in disturbing this verdict.

Judgment **affirmed.**