Barry Estate.

Argued April 12, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*A. R. McGrath,* with him *McGrath, McGrath & Mc-Grath,* for appellant.

*Francis A. Wolf,* with him *Oscar G. Meyer,* for appellee.

OPINION BY BALDRIGE, P. J., July 19, 1946:

This appeal is from the order of the court below dismissing exceptions filed to an adjudication disallowing a claim for board and lodging.

In October 1940 Ellen P. Barry, a widow, went to live in the home of Edward J. Barry, her nephew by marriage. She remained there until September 1944 when

she moved to an institution for the aged where she died February 18, 1945, over the age of 80. She left a will leaving practically all her $9,000 net estate to various charities. Edward J. Barry, this appellant, at the audit of her estate presented a claim of $2,350 for board and lodging at the rate of $50 per month for the 47 months. The testimony shows that while the decedent was with the Barrys she was treated as a member of the family and did a certain amount of light housework, until toward the end of her stay when she became ill and was confined to her bed.

The claimant produced testimony of neighbors that the decedent made statements to them that "she was always going to see that they [Barrys] got paid full and plenty for what they did, and they were going to be remembered in her will;" that "she would see Mr. Barry and the family was well taken care of;" and that "she would give whatever they wanted, $40 or $50 a month, whichever she—whichever they would want; and Mr. Barry said no, he didn't want anything then, but in case of a rainy day he would like to have it all in one lump sum, that he could do something with it."

There was no proof showing any agreement or conversation between the claimant and decedent by which the latter was to pay in a lump sum or in any other way for her board and lodging, or that the claimant made any demand on her for payment. The learned auditing judge, after referring to parts of the testimony offered by the claimant, expressed his conclusion as follows: "The fair import of the credible testimony adduced on behalf of the claimant, not only of the witnesses whose testimony has been quoted in part but of others also, is that although the testatrix frequently declared that she was willing to pay her way she also declared that the claimant always refused to accept a monthly stipend. . . . It is also apparent that claimant's suggestion of a lump sum payment was understood by the decedent and by him as indicating a desire for not a lump sum pay-

ment to him in her lifetime but the payment of a legacy to him and his wife. The declarations of the testatrix in that regard are of a general testamentary intent to remember them both in her will."

That the claimant relied upon a legacy for some indefinite amount is borne out by a letter he wrote to the executor of decedent's will on May 8, 1945, wherein he stated in part: "I was disappointed in that will, for she often told us and others, that we were remembered in her will."

There was no attempt to establish this claim on a quantum meruit basis as no evidence was offered to show the fair value of the board and lodging furnished. Taking the evidence in its entirety it falls far short of establishing an enforceable contract. If a contract is entered into providing for the payment of board and lodging by a money legacy, definite in amount or capable of ascertainment, there can be a recovery if the decedent fails to provide for the payment of the legacy agreed upon: *Estate of Rachel Nusbaum, Dec'd.,* 101 Pa. Superior Ct. 17. If no amount is fixed the one furnishing the accommodations or services is entitled to their fair value in a claim against the estate if an adequate legacy is not given by will: *Kujawski v. Sobelewski,* 72 Pa. Superior Ct. 326.

On the other hand, if board and lodging are furnished in the mere hope or expectation of a legacy, proof of expressions or loose statements of the decedent indicating merely an intention or willingness to give a legacy does not establish a contract. To the contrary, it excludes the idea of a binding contractual relationship between the parties: *Thompson v. Stevens,* 71 Pa. 161, 169; *Cumminskey's Estate,* 224 Pa. 509, 513, 73 A. 916; *Gilbraith's Estate,* 270 Pa. 288, 295, 113 A. 361; *Estate of Rachel Nusbaum, Dec'd.,* supra, 21, 22; *Reed Estate,* 152 Pa. Superior Ct. 389, 393, 33 A. 2d 231.

Our appellate courts have held uniformly that claims against decedent's estates for board, lodging, and serv-

290

ices, which are alleged to be paid for by a testamentary provision, should be closely scrutinized and they must be established by evidence that is clear, precise, and indubitable: *Mooney's Estate*, 328 Pa. 273, 194 A. 893; *Robert Estate*, 350 Pa. 467, 39 A. 2d 592.

The findings of the auditing judge, approved by the court in banc, are amply supported by evidence and are binding upon us in this appeal: *Mooney's Estate*, supra; *Robert Estate*, supra.

The decree of the court below is affirmed at appellant's costs.