## Rack v. Anu Steel Wire Co. Inc.

C.P. of Fayette County, no. 711 of 1997.

*Mark D. Feczko,* for plaintiff.
*Ira B. Coldren,* for defendant.

SOLOMON, *J.,* August 20, 1997—Presently before the court is the motion of the defendant to dismiss the petition for dissolution filed by the plaintiff. A hearing was held on June 16, 1997, and briefs of both parties have been submitted and considered.

## BACKGROUND

On April 16, 1997, the plaintiff, John Terry Rack, brought suit against the defendant, Anu Steel Wire Company Inc., a Pennsylvania corporation, seeking to dissolve the corporation. The plaintiff had been employed by Anu as president and chief operating officer since it was organized by the plaintiff and Ernest Bolish, leaving Anu in 1997. Anu was incorporated for the purpose of producing and selling wire baling ties.

At a special meeting held on April 5, 1997, the board of directors voted to cancel the 310 shares of stock which had been issued to the plaintiff at the time of incorporation, alleging that these shares had been issued without any consideration. The plaintiff was informed of this decision by letter and directed to surrender the certificate for his shares. The plaintiff then filed a petition for dissolution of corporation alleging corporate waste and mismanagement.

The defendant filed a motion to dismiss the petition for dissolution alleging that the plaintiff does not have standing to bring this action because he was never a legal shareholder of Anu since he never gave any consideration for the shares. The position of the plaintiff is that he gave services as consideration for the stock, and therefore does have standing to file a petition for dissolution of corporation. We agree with the petitioner.

## DISCUSSION

Initially, the court must determine if the petitioner gave consideration for the 310 shares of Anu stock issued to him. Under the Pennsylvania Business Corporation Law section 1524(a)(1), consideration for shares of stock "[m]ay consist of money, obligation (including an obligation of a shareholder), services performed whether or not contracted for, contracts for services to be performed . . . or any other tangible or intangible property or benefit to the corporation." 15 Pa.C.S. §1524(a)(1).

Hence, services, as well as any other tangible or intangible property or any benefit to the corporation, can serve as consideration for stock.

Where one person is rendering service to another which he is under no legal obligation to perform, and the party receiving the benefit makes an express promise that the service shall be paid for, there is sufficient consideration to support the promise to pay for the services. *Szusta v. Krawiec,* 144 Pa. Super. 530, 19 A.2d 495 (1941). Here, although the plaintiff did not pay money for his shares of stock, the testimony established that he did give consideration for the stock.

The plaintiff worked at Cavert Wire Company for over 22 years in the business of producing and selling wire products. (H.T., at p. 29.) While there, the plaintiff held a variety of positions, including chief engineer and general manager of all operations. *Id.* The plaintiff then formulated the idea of developing a bale tie machine and starting a new business. (H.T., at p. 30.) At the hearing, the plaintiff testified that his consideration for the stock was his business experience, customer contacts, design ideas and working knowledge which he brought to Anu and would get the company started. (H.T., at p. 32.) These items qualify as legal consid-

eration for stock under both section 1524 and *Szusta v. Krawiec, supra,* since they are all benefits to the corporation. Therefore, the plaintiff gave sufficient consideration for the 310 shares of Anu stock issued to him.

We turn now to the issue of whether the petitioner has standing to file a petition for dissolution of corporation. Under the Pennsylvania Business Corporate Law section 1981, "[u]pon application filed by a shareholder or director of a business corporation, the court may entertain proceedings for the voluntary winding up and dissolution of the corporation." 15 Pa.C.S. §1981(a). Since we have determined that the petitioner gave sufficient consideration for his stock, the petitioner is a shareholder of Anu. As a shareholder of Anu, he has standing to file a petition for dissolution of corporation.

Wherefore, the court must deny the respondent's motion to dismiss petition for dissolution and will enter the following order.

### ORDER

And now, August 20, 1997, it is hereby ordered and directed that the motion of the defendant to dismiss the petition for dissolution filed by the plaintiff is denied.