Burg, Admx. *v.* Richman et ux., Appellants.

Argued October 13, 1932.

Before Trex-
ler, P. J., Keller, Gawthrop, Cunningham, Baldrige,
Stadtfeld and Parker, JJ.

*Robert J. Sterrett,* for appellant.

*Robert H. Arronson,* and with him *Joseph Margolis,*
for appellee.

Opinion by Cunningham, J., December 16, 1932:

On April 19, 1930, Jean Marie Burg, as administra-
trix of the estate of her husband, George H. Burg,
brought an action of assumpsit in the municipal court
of the county of Philadelphia against Josiah W. Rich-
man and Eva May Richman, his wife, to recover
$1,071.23, with interest from September 27, 1924. The
case was tried before Walsh, J., without a jury. Ac-
cording to the docket entries attached to the record,
the trial judge entered a nonsuit as to Eva May Rich-
man and a judgment in favor of the plaintiff and
against Josiah W. Richman for $1,489.01—the total
amount claimed with interest to date of trial. Josiah
W. Richman moved for a new trial and for judgment
in his favor n. o. v.; both motions seem to have been
denied and he has appealed from the judgment entered
against him.

It appears from plaintiff's statement that her suit is based upon averments to the effect that in 1911 the defendants borrowed $900 from her husband and promised to repay the loan upon demand, and that in August, 1924, Josiah W. Richman made up and gave to her husband a memorandum in which he charged himself with the principal, compounded the interest thereon, and calculated the amount then due Burg at $1,567.23. She admitted her husband was given $200 by the defendants in August, 1924, and that, after his death on September 22, 1924, the defendants gave her $296. Her suit was therefore brought for the difference between the total shown by the memorandum and the credits aggregating $496, or $1,071.23.

Defendants filed separate affidavits of defense; their contents need not be detailed; it is sufficient for present purposes to say they raised questions of fact for the determination of the trial judge.

The trial was loosely conducted on both sides and the trial judge admitted questionable evidence in behalf of each party over the objections of opposing counsel. It does not clearly appear whether plaintiff was seeking to recover upon the theory of an original loan made in 1911, with the operation of the statute of limitations tolled by payments made within six years of the date of suit, or upon the theory of an account stated within the statutory period.

Our principal difficulty, however, is that, upon an examination of the record, we find it so defective and inconsistent that we are unable to dispose intelligently of the assignments of error. The trial judge's answers to the requests of counsel for Josiah W. Richman for findings of fact and conclusions of law appear of record but some of his answers to requests for findings of fact are inconsistent with the judgment. For instance, he affirmed a request to find that plaintiff received from the defendants during

August and September, 1924, cash, or the equivalent thereof, aggregating $764.66, instead of $496 as admitted in plaintiff's statement, but in entering judgment ignored this answer and gave judgment for the full amount claimed by plaintiff.

Although notice was given him of the taking of this appeal, the trial judge did not file of record, as required by our Rule 58, even "a brief statement of the reasons for...... [the] judgment."

One of the questions contested at the trial, and elaborately argued in the briefs, is whether the memorandum, admittedly prepared by Josiah W. Richman, should be given the legal effect of an account stated. We cannot find any indication in this record of the conclusion reached by the trial judge on this issue.

There was no motion to take off the nonsuit entered in favor of Eva May Richman; it was properly entered and that feature of the case has been finally determined. Our rules, and the rules of evidence, are designed to effect the orderly administration of justice and we think that object can best be attained in this case by returning this record to the court below to the end that a new trial may be granted Josiah W. Richman. We suggest that when the case is again tried attention should be given, both by counsel and the court below, to the provisions of the Act of May 23, 1887, P. L. 158, providing, inter alia, that where a party "to a thing or contract in action is dead" and his right has passed to a party on the record representing his interest in the subject of the controversy, a surviving party shall not be a competent witness to any matter occurring before the death, and to the Act of June 11, 1891, P. L. 287, prescribing the exceptions under which a surviving party may testify.

The judgment appealed from is reversed; the record is remitted with instructions to reinstate the motion for, and grant, a new trial.