Daniel B. Van Campen Corporation, Appellant, v. Building and Construction Trades Council.

380

Argued December 15, 1961. Before Ervin, Woodside, Watkins, Montgomery, and Flood, JJ. (Rhodes, P. J., and Wright, J., absent).

Before Reimel, J.

*Frederick C. Fiechter, Jr.,* for appellant.

*Joseph V. Furlong, Jr.,* Deputy City Solicitor, with him *Edward J. Bradley,* Deputy City Solicitor, and *David Berger,* City Solicitor, for City of Philadelphia, appellee.

Opinion by Montgomery, J., March 21, 1962:

This case reaches us with a confused record that indicates a complete disregard for all rules governing the conduct of legal proceeding.

It was started by the filing of a complaint in equity and a motion for a peremptory injunction which was refused. Next, a petition for a temporary injunction was presented and a rule granted thereon. Before the

return day for the rule preliminary objections to the complaint were filed by two of the defendants, and an answer on the merits filed by one. No one answered the rule for the temporary injunction. Nevertheless, a hearing was held and disposition made thereof. At that time, the preliminary objections to the complaint were orally dismissed although no argument thereon had been heard. Shortly thereafter all proceedings were stayed, and nothing further was done until almost three years had expired, when appellant-plaintiff petitioned for damages against the City of Philadelphia alone, without discontinuing as to the other defendants under Pa. R. C. P. 229(b).

Mr. Furlong, representing the City of Philadelphia, recognized that this procedure was wrong, and at the hearing that followed objected to it—". . . I have never heard of a rule to show cause where there had never been a trial on the merits. I have been prevented somehow or some way from answering the complaint. I did answer the rule to show cause but I probably should not have." (The one answer to the merits of the complaint had been filed by another defendant.)

The court also recognized the procedure to be improper. Its remarks were, "Well, Mr. Fiechter, if you are entitled to anything at all, it should be a hearing on the merits in which all parties are involved."

Nevertheless, at the insistence of Mr. Fiechter (counsel for appellant) and over the continued objection of Mr. Furlong the hearing proceeded, and resulted in a decree nisi for appellant, against the City of Philadelphia, which was rejected by the court en banc and a final decree entered in favor of the City.

In our opinion the decrees were void and of no effect, having been founded upon an improper record, such a record that is replete with contradictory statements of fact by the lawyers, the absence of relevant evidence, and without the appearance of important and

material parties. This Court cannot and will not stamp it with approval by resolving the intricate issues that are involved: *Burg v. Richman*, 107 Pa. Superior Ct. 395; 163 A. 330; *Kujawski v. Sobelewski*, 72 Pa. Superior Ct. 326.

The decree is reversed and a new trial is awarded after proper disposition is made of the preliminary objections heretofore filed, the pleadings completed, and the propriety of discontinuing the action as to less than all of the defendants determined.

Since this appeal has been the result of appellant's insistence on the illegal procedure which was followed, all costs accruing since the filing of the aforesaid petition for damages, including the cost of this appeal, shall be paid by appellant; all other costs to abide the final outcome of the case.