# Winfield, Appellant, *v.* Beaver Trust Company.

*Decedents' Estates—Executors and Administrators—Wages for domestic services—Boarding—Presumption of.*

1. Wages for domestic services and board bills are presumed to be paid at stated intervals, and when a claim for such services is presented against a decedent's estate, extending over any great length of time, the burden is on the claimant to rebut the presumption by affirmative evidence. Loose declarations of the decedent whose estate is sought to be charged are not sufficient to support such a claim.

2. In an action against an administrator to recover for services rendered to and board furnished the decedent, where it appears that the plaintiff, a grandnephew, eighteen years of age, who had been employed as common laborer, lived with the decedent two years and nine months, until the latter, six months before his death, broke up housekeeping and lived with friends elsewhere; that the services performed by the plaintiff consisted of sweeping, making beds, attending to fires, cooking and taking care of the house; that the claim was for wages covering the whole period when the plaintiff and decedent lived together and for board for about half of it; and there is no proof of payments made by the decedent or of a demand therefor during his life or

of a contract of employment and the plaintiff relies entirely on proof of declarations made by the decedent during the time the plaintiff lived with him, to the effect that he would pay him for the services or would see that he was well paid, a judgment for the defendant non obstante veredicto will not be reversed.

Argued Oct. 11, 1910. Appeal, No. 24, Oct. T., 1910, by plaintiff, from judgment of C. P. Beaver Co., Sept. T., 1908, No. 317, for defendant non obstante veredicto in case of Edward Winfield v. Beaver Trust Company, administrator of James Nelson, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Assumpsit for wages, etc., against an administrator. Before HOLT, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*W. S. Moore,* with him *D. M. Twiford,* for appellant.

*Charles T. Moore,* with him *Elmer Lyons* and *Hice, Morrison, Reader and May,* for appellee.

PER CURIAM, January 3, 1911:

This appeal is from a judgment entered non obstante veredicto, in an action against an administrator to recover for services rendered to and board furnished the decedent. The decedent was the owner of a large farm in charge of a tenant and when ninety years old lived alone in a small house erected on the farm. The appellant, a grandnephew, eighteen years of age, who had been employed as common laborer, lived with the decedent two years and nine months, until the latter, six months before his death, left his house and lived with friends elsewhere. The services performed by the appellant, consisted of sweeping, making beds, attending to fires,

cooking and taking care of the house. The claim was for wages covering the whole period when he and the decedent lived together and for board for about half of it. There was no proof of payments made by the decedent or of a demand therefor during his life. The first assertion of a claim was by action brought against the administrator fifteen months after the services ended.

At the trial there was no evidence of a contract of employment and the appellant relied entirely on proof of declarations made by the decedent, during the time the appellant lived with him, to the effect that he would pay him for his services or would see that he was well paid. The services for which a claim was made, were purely domestic services and as to them and the claim for board a presumption of payment arose and it was unrebutted. Loose declarations are not sufficient to support a claim of this kind. Affirmative proof is required: Taylor v. Beatty, 202 Pa. 120. In the recent case of Cummiskey's Est., 224 Pa. 509, it was said by MESTREZAT, J., "It is a well-established rule that the wages for domestic services are presumed to be paid at stated periods, and that when a claim for such service is presented against a decedent's estate, extending over any great length of time, the burden is upon the claimant to rebut the presumption. It, of course, is a presumption of fact which may be rebutted by competent evidence, but until satisfactory evidence is produced the presumption prevails and the claim must be disallowed. The same rule is applicable in cases of boarding and nursing under circumstances such as are disclosed in this case. It is the habit and usage of people to pay their board bills as well as for services for nursing at stated periods. This is so well understood in this country that, as in the case of servants' wages, a presumption arises that they are periodically paid. Especially does this rule obtain where a claim for boarding and nursing for years is presented against the estate of a decedent. The protection of the estates of the dead requires its rigid enforcement." Whether the evidence was

sufficient to rebut the presumption was a question for the court: Gregory's Executors v. Com., 121 Pa. 611; Richards v. Walp, 221 Pa. 412.

The judgment is affirmed.