## Furlow, Appellant, *v.* Roland, Executor.

*Decedents' estates—Claim for domestic services—Nonsuit.*

In an action against the executor of a decedent's estate for domestic services rendered testatrix, judgment of nonsuit was properly entered where there was no proof of an express promise, and the testimony and presumption rebutted an implied promise to pay

for the services rendered and where the presumption that the plaintiff was paid at stated intervals was not overcome.

Argued May 14, 1917.   Appeal, No. 336, Jan. T., 1916, by plaintiff, from judgment of nonsuit of C. P. Lancaster Co., Sept. T., 1915, No. 25, in case of Annie L. Furlow v. J. D. Roland, Executor of Lucetta Lehn.   Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and WALLING, JJ.   Affirmed.

Assumpsit to recover for domestic services.   Before HASSLER, J.

The opinion of the Supreme Court states the case.

The trial judge entered a compulsory nonsuit which the court subsequently refused to strike off.   Plaintiff appealed.

*Error assigned* was in refusing to strike off judgment of nonsuit.

*B. F. Davis,* for appellant.

*M. G. Schaeffer,* for appellee.

PER CURIAM, June 30, 1917:

The claim of the appellant is for domestic services rendered appellee's testatrix.   The nonsuit, which the court below refused to take off, was entered by the trial judge for three good reasons: (1) The plaintiff declared on an express promise by the defendant's decedent to pay her for the services rendered, but at the trial failed to prove any such promise; (2) even though the plaintiff could recover, under her statement, on an implied promise, the testimony showed that the services were rendered under such circumstances as to rebut a promise to pay for them; and (3) even though the plaintiff could recover under her statement on an implied promise, and the services were such as to imply a promise on the part

of the decedent to pay for them, she cannot recover because there is a presumption that she was paid at stated intervals.

Judgment affirmed.