## Witten, Appellant, *v.* Stout, Executor.

*Decedents' estates—Claim for services—Contract—Indebitatus assumpsit—Payment at stated periods—Presumption—Evidence—Family relation—Nonsuit.*

1. The rule that one may recover in indebitatus assumpsit the value of benefits conferred, under the terms of an express contract, applies only where the plaintiff avers and proves the contract, and either its full performance, or its partial performance with a proper legal excuse for the failure to perform in full.

2. Unless, by amendment or otherwise, there is a clear averment in the statement of claim showing a plain intention to plant plaintiff's case on a pure quantum meruit basis, the rule controls, that, where one claims on an express contract to pay a fixed compensation, he cannot, on failure to prove the promise to pay, entitle himself to recover by proving simply the value of services rendered.

3. Such rule applies with peculiar force where the claimant avowedly entered the home of the person, against whose estate she is claiming compensation, as a member of the family.

4. Where a person claims to recover from the estate of decedent compensation for labor and nursing, she must overcome by competent proof the strong presumption that the services so rendered were paid for at stated periods.

5. Loose declarations of decedent are not sufficient to overcome the presumption.

6. In such case whether the proofs measure up to the required standard is primarily a question for the court.

Argued October 1, 1925. Appeal, No. 101, March T., 1925, by plaintiff, from order of C. P. Allegheny Co.,

April T., 1924, No. 101, refusing to take off nonsuit, in case of Elsie D. Witten v. Alonzo Stout, executor of John J. Stout, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for services. Before ROWAND, J.
The opinion of the Supreme Court states the facts.
Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned* was, inter alia, order, quoting bill of exceptions.

*W. T. Tredway,* for appellant, cited: Kauss v. Rohner, 172 Pa. 481; Harrington v. Hickman, 148 Pa. 401; Eichelberger's Est., 170 Pa. 242; Thompson v. Stevens, 71 Pa. 161.

No printed brief for appellee.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, November 23, 1925:

Elsie D. Witten sued the executor of John J. Stout, deceased, averring that she was the widow of a nephew of decedent's wife; that, after the decease of her husband, she had agreed to live with and take care of John J. Stout and his wife until their respective deaths; that Stout and his wife "were very fond of plaintiff" and had "promised" that if she would live with them and take care of them "they would adopt her as their own child" and on their deaths would give her certain real and personal property; that she had accepted the "said proposition" and entered into "a verbal agreement" accordingly with John J. Stout, subsequently ratified in a letter written by him. Mrs. Stout died while arrangements were being made to carry out the plan agreed on, but appellant alleged that she had lived with and taken care of John J. Stout until he moved from their common

home during his last illness; that Stout, notwithstanding his promises and agreement, had made a will in favor of his son, leaving plaintiff "nothing but his household furniture," which, being subject to his funeral expenses, etc., was "absolutely worthless"; wherefore, measured either by the worth of the property involved or of the services she rendered, plaintiff claimed to recover the value of her "contract." The court below entered a nonsuit, on the ground that the contract depended upon by plaintiff had not been proved; this appeal is from the refusal to remove the nonsuit.

Plaintiff averred an express contract to give her specified compensation, and her statement of claim is drawn on that theory; at the same time, she claimed the value of her services, possibly with an intent to bring herself within the class of cases governed by the rule that one may recover in indebitatus assumpsit the value of benefits conferred under the terms of an express contract. But, to be entitled to the advantage of this rule, the plaintiff must aver and prove the contract, and either its full performance (Kelly v. Foster, 2 Binney 4; Harris v. Ligget, 1 W. & S. 301; Eckel v. Murphey, 15 Pa. 488, 493; Brown v. Foster, 51 Pa. 165; McManus v. Cassidy, 66 Pa. 260, 263) or its partial performance with a proper legal excuse for the failure to perform in full: Alexander v. Hoffman, 5 W. & S. 382; Moorhead v. Fry, 24 Pa. 37; Phila. v. Tripple, 230 Pa. 480. Here the court below correctly decided that the contract was not proved.

Unless, by amendment or otherwise, there is a clear averment in the statement of claim showing a plain intention to plant plaintiff's case on a pure quantum meruit basis, the rule (correctly set forth by Judge LANDIS in Wolf v. Yeager's Exrs., 20 Lancaster L. Rev. 67) controls, that, where one claims on an express contract to pay a fixed compensation, he cannot, on failure to prove the contract, entitle himself to recover by proving simply the value of services rendered, without showing an actual promise to pay. This rule applies with peculiar

force in cases like the one now before us, where claimant avowedly entered the home of the person against whose estate she is claiming compensation, as a member of the family; for, in such instances, in the absence of an express contract to pay, the enjoyment of sustenance in the home, as a member of the family group, is usually all the regular compensation contemplated by either side, and services rendered under these circumstances do not raise any implication of a promise to pay.

Should the averments of plaintiff's statement of claim be treated, however, as sufficient to support recovery purely on a quantum meruit basis, (see Graham v. Graham's Exrs., 34 Pa. 475; Neal's Exrs. v. Gilmore, 79 Pa. 421, 425; Kauss v. Rohner, 172 Pa. 481, 488; Breniman v. Breniman et al., Exrs., 281 Pa. 304, 308, and kindred cases) the testimony as to the nature and extent of the services rendered was so meager, and of such a general nature, that it is questionable whether a jury could, therefrom, have intelligently fixed the value of such services.

Plaintiff also failed to surmount another obstacle to recovery; services of the character performed by her, domestic labor and nursing, are customarily compensated for at stated periods, as rendered, and, when a claim of the nature of the one before us is presented, there is a strong presumption that the services were so paid for: Taylor v. Beatty, 202 Pa. 120; Cummiskey's Est., 224 Pa. 509; Winfield v. Beaver Trust Co., 229 Pa. 530, 532; Peiffer's Est., 261 Pa. 209; Gilbraith's Est., 270 Pa. 288. The burden is on the claimant to overcome the presumption of payment: Winfield v. Beaver Trust Co., supra; Cummiskey's Est., supra. Here, no direct proof was offered to rebut the presumption of payment; the loose declarations of decedent, depended on by plaintiff for that purpose, were insufficient,—affirmative proof was necessary: Winfield v. Beaver Trust Co., supra; Gilbraith's Est., supra. Whether the proofs measure up to the required standard is primarily a question for the

court (Richards v. Walp, 221 Pa. 412) ; in the present instance, the evidence relied on by plaintiff was inadequate from every point of view.

After considering the record and all the evidence in the case, both that accepted and that rejected, we are not convinced that there was error in the refusal to remove the nonsuit : Furlow v. Roland, 259 Pa. 70.

The order appealed from is affirmed.