## Morrison *v.* Stone, Exr., Appellant.

Argued April 18, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and HIRT, JJ.

*Joseph Knox Stone,* for appellant.

*Lawrence M. Sebring,* for appellee.

OPINION BY BALDRIGE, J., July 19, 1940:
This suit was brought by the plaintiff, a practical

nurse, to recover for services rendered to Sarah Craighead, deceased, from April 12, 1933 to November 21, 1934, a period of 84 weeks, at the rate of $10 a week, less payments she received of $316, leaving a balance of $524, with interest from November 1934. The case by agreement of parties was tried without a jury and resulted in a finding in favor of the plaintiff for the amount of her claim. This appeal followed.

There is no dispute that the services were rendered during the period of time alleged and that $10 per week was a reasonable charge therefor. The appellant's sole contention is that the plaintiff did not overcome the legal presumption that payments for her services were periodically made.

The deceased died November 21, 1934, after a lingering illness from tuberculosis. The inventory of personal property showed that at her death she possessed $19.33 in cash, stock in the Home Protective Savings and Loan Association appraised at $64.07, and in the Dime-Savings and Loan Association at a value of $1483.46; that she received certain sums from July 5, 1933 to the date of her death amounting to $512.96, which included money borrowed on her Savings and Loan Stock, in addition to a pension of $36 per month, so that for a period of 16½ months this bedridden invalid received an income of $1106.96 to pay all her necessary expenses.

The rule is well established that wages for the character of services rendered by the plaintiff are presumed to be paid at stated periods, and that a claimant must rebut that presumption by affirmative proof: *Taylor v. Beatty*, 202 Pa. 120, 51 A. 771. We are in accord with the conclusion of the learned court below that she successfully bore that burden.

Admittedly on July 4, 1933, when there was due the plaintiff for services about $120, the decedent in the presence of J. K. Stone, Esq. then her attorney now the appellant herein as the executor of her will, offered

to convey a vacant lot to the plaintiff in the payment of three months' wages then past due, and she refused to accept that offer. That occurrence indicates the decedent did not have sufficient income to meet her current expenses. Following the death of Mrs. Craighead, the plaintiff presented her bill to Mr. Stone for balance due her, and he, beginning November 21, 1934, made monthly payments to her until June 1936 totalling $305, which appellant stated covered a period of 30 weeks immediately preceding Mrs. Craighead's death. Thus we have an express acknowledgment by the decedent and her executor that the periodic payments had not been paid to the plaintiff as her wages fell due.

The presumption of payment having been rebutted the burden of showing that the plaintiff had been paid in full for her claim then shifted to the appellant. The finding of the learned court below that the proof did not show the liquidation of the indebtedness is under the present circumstances conclusive upon us: *Osterling's Estate*, 323 Pa. 23, 185 A. 790.

The appellant relies principally on *Cummiskey's Estate*, 224 Pa. 509, 73 A. 916, where services were rendered to a woman for a period of about three years immediately prior to her death. Suit was brought to recover on a quantum meruit for board and nursing. There, the decedent had ample personal estate to pay for any services rendered to her and she paid other bills as the obligations matured. The Supreme Court stated (p. 514) : "Why a party of ample means should for more than three years board with and be nursed by a former servant with limited means without paying or having any demand made upon her for payment of a sum aggregating $520 per year due for such service seems incredible ......"

In *Mooney's Estate*, 328 Pa. 273, 194 A. 893, a claim was presented for wages for personal services rendered

the decedent in her lifetime. There the testimony was most indefinite and unsatisfactory. It did not establish that the alleged services were actually performed, and if performed the evidence was clearly insufficient to overcome the presumption that claimant was paid at regular periods according to the prevailing custom.

In neither of those cases are the facts similar to those in the instant case and therefore are not controlling. We find no reason for disturbing the judgment obtained by the plaintiff in the court below.

Judgment is affirmed.