## Cepull et al. v. Borland, Administrator

*J. A. Duvall* and *Paul J. Abraham*, for plaintiffs.

*Howard M. Whitehead* and *Joseph M. Loughran*, for defendants.

BAUER, J., February 28, 1952.—Plaintiffs in each of these actions complain in indebitatus assumpsit against the estate of S. Raymond King. Plaintiff, Edythe Cepull, claims:

"On or about the 11th day of April, 1942, the plaintiff entered into an oral agreement with S. Raymond King, deceased; under the terms of the agreement the

plaintiff was to act as farm manager for Mr. King, performing the following duties . . ."; and "the agreed compensation of $7.50 per week was a fair and reasonable price . . .".

Plaintiff Hazel Walters claims:

"During the month of April 1948 at the request of S. Raymond King, and for a promised compensation of $5 per day, your plaintiff performed three days' farm labor, cutting seed potatoes" and, "during the month of March 1949, at the direction of Dr. Townsend, attending S. Raymond King, and at the direction of S. Raymond King, plaintiff performed special nursing services during the last illness of Mr. King for an agreed compensation of $5 per night".

Plaintiff George Walters claims:

"At various times, plaintiff performed for S. Raymond King at his request, and for hire, general farm labor as set forth below . . ."—"the agreed price for the farm labor performed by the plaintiff was the normal and reasonable price for farm labor in the vicinity at the time and place" and, "on or about the 20th day of March, 1947, plaintiff furnished S. Raymond King at his request, with one table model radio of the value of $49.50."

S. Raymond King died on March 22, 1949, and summons in assumpsit was issued on March 20, 1950—in each case two days before the one-year statute of limitations for the filing of claims had expired, and complaints were filed in each case on March 30, 1950. Defendant administrator in each case has filed an answer denying the rendering of the services and demanding proof thereof.

When the cases came on for trial counsel for defendant administrator filed an amended answer in the nature of new matter, raising the question of the statute of limitations for the periods claimed in the complaint which were more than six years prior to the

filing of the complaint. There was no objection to this amendment and the trial court ordered the same filed.

After the amended answer was permitted to be filed, counsel for claimants in each case moved to amend the complaints in assumpsit to the end that the claim might be based upon a quantum meruit rather than on a contract. Counsel for defendant objected to the amendments for the reason that the statute of limitations had expired and that the amendment was changing the cause of action after the expiration of the statute.

The amendments were allowed by the trial judge and an exception was granted to counsel for defendant. In each case the trial judge ordered that the case be placed upon the argument list to be heard by the court en banc as a matter of law as to the amendments so that it could come before this court for decision upon the question of law raised by the objection of counsel for defendant.

Rule of Civil Procedure 1033 of the Supreme Court Rules, under which these amendments are filed, reads as follows:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted." Adopted June 25, 1946; effective January 1, 1947.

The gist of the proffered amendment of the complaints is that plaintiffs desire to change their allegations to show that they were not hired under a definite contract, as stated in the complaints, but rather, at the time of trial they desired to show that they were hired

upon a basis whereby they expected to receive the reasonable and prevailing charges in the vicinity for such services. Since the original complaints, as filed, alleged a definite promise to pay an amount certain for the services, we are convinced that this is an attempt to introduce a new cause of action.

Defendant in these cases claims that two statutes of limitation have expired prior to the offering of the amendments, namely: (a) The six-year statute of limitations of the Act of March 27, 1713, 12 PS §31, and (b) the one-year statute of limitations as set forth in section 15 of the Fiduciaries Act of 1917, as well as the Act of April 18, 1949, P. L. 512, art. VI, sec. 13.

There appears to be no dispute that plaintiffs in these cases attempt to make and claim liens against real estate. Since each of the above claims was filed on March 20, 1950, all those portions of the amended claims for services rendered prior to March 20, 1944 would be outlawed because of the six-year statute; the one-year statute of limitations for the making of these claims liens against real estate would have expired one year after the death, on March 22, 1949.

The statute of limitations as contained in section 15 of the Fiduciaries Act of June 7, 1917, and the statute of limitations contained in the Act of April 18, 1949, P. L. 512, 20 PS §320.613, have expired. We are constrained to hold that two statutes of limitations have expired prior to the time these amendments were presented at the trial of the cause on October 25, 1951.

It is a well-established principle of law that a statement of claim cannot be amended by introducing a new cause of action after the statute of limitations has run: Anderson Pennsylvania Civil Practice, vol. II, p. 526; Cox v. Wilkes-Barre Railway Corporation, 334 Pa. 568; Hartley v. Pennsylvania Railroad Company, 318 Pa. 566; Lane v. Cayuta Wheel & Foundry Company,

220 Pa. 603; see also Arlia v. Philadelphia Transportation Company (No. 1), 77 D. & C. 21.

The question for determination in these cases is whether the amended statements present a new and different cause of action, and as stated in Anderson, supra, the tests to be applied are: (a) Whether a judgment would bar any further action on either; (b) whether the same measure of damages supports both; (c) whether the same defense is open in each, and (d) whether the same measure of proof is required.

It is obvious that the same measure of damage is not recoverable in quantum meruit as that in indebitatus assumpsit; neither is the same defense open in each case. Unquestionably the measure of proof in quantum meruit is not the same as that in indebitatus assumpsit. The measure of proof is much greater in quantum meruit than it is in indebitatus assumpsit for the reason that in quantum meruit there is a strong presumption that the services were paid for at stated periods and the burden is on claimant to overcome the presumption of periodic payments.

See Witten v. Stout, 284 Pa. 410 at 413:

"Plaintiff also failed to surmount another obstacle to recovery; services of the character performed by her, domestic labor and nursing, are customarily compensated for at stated periods, as rendered, and, when a claim of the nature of the one before us is presented, there is a strong presumption that the services were so paid for: Taylor v. Beatty, 202 Pa. 120; Cummiskey's Est., 224 Pa. 509; Winfield v. Beaver Trust Co., 229 Pa. 530, 532; Peiffer's Est., 261 Pa. 209; Gilbraith's Est., 270 Pa. 288. The burden is on the claimant to overcome the presumption of payment: Winfield v. Beaver Trust Co., supra; Cummiskey's Est., supra. Here, no direct proof was offered to rebut the presumption of payment; the loose declarations of decedent, depended on by plaintiff for that purpose,

were insufficient,—affirmative proof was necessary: Winfield v. Beaver Trust Co., supra; Gilbraith's Est., supra."

Plaintiffs in these cases rely considerably upon Witten v. Stout, supra, and contend that the Supreme Court did sanction such an amendment as is here proposed; however, the Witten case was not a case where the statute of limitations had expired as in the cases at bar, and as well, the case was decided before rule 1033 was adopted.

In the case of McNernie v. W. S. Peace, Inc., 344 Pa. 24, it was decided that since the statute of limitations had not run, it was not material whether the amendments added to or otherwise changed the cause of action. By inference, therefore, this case would infer the attitude of Mr. Justice Stearne in that if the statute of limitations had run, then the amendment which adds or otherwise changes the cause of action would be material and would be a qualification of the Supreme Court rule to the effect that pleadings may be amended at any stage.

Mussolino et ux. v. Coxe Bros. & Company, Inc., 357 Pa. 10, sets forth the tests to be applied when the question of the allowance of an amendment is presented, and since we believe that the proposed amendments do change the cause of action, do change the measure of damages, do vary the defense open to defendant and, as well, change the measure of proof required, the motion for leave to amend should not prevail and the objection of counsel for defendant to the introduction of the proposed amendments should have been sustained by the trial judge. We, therefore, sustain defendant's exceptions to the order filed on October 27, 1951, and enter the following order:

And now, to wit, February 28, 1952, after due and careful consideration of the foregoing cases, it is hereby ordered, adjudged and decreed that the objection

of counsel for defendant to the allowance of plaintiff's amendments be and the same hereby is sustained, and the prothonotary is hereby directed to list these cases for the May term of court, 1952, there to be tried upon the original pleadings filed.