## American Glass Corporation, Appellant, v. Imperial Lighting Products Company.

Argued March 22, 1957. Before Jones, C. J., Bell, Chidsey, Musmanno, Arnold, Jones and Cohen, JJ.

488

*Thomas L. Wentling,* with him *Patterson, Crawford, Arensberg & Dunn,* for appellant.

*Robert W. Smith,* with him *Kenneth G. Jackson, Thorp, Reed & Armstrong* and *Smith, Best & Horn,* for appellee.

OPINION BY MR. JUSTICE BELL, June 28, 1957:

Plaintiff brought an action of assumpsit for the total cost of the replacement and added parts of certain moulds which amounted to $5003.81, with interest. Plaintiff pleaded in its complaint in assumpsit the following pertinent facts:

"3. The defendant corporation, over a period of years, purchased from the plaintiff large quantities of glassware manufactured by the plaintiff. To enable the plaintiff to manufacture the glassware ordered from time to time by the defendant, the defendant purchased certain moulds and delivered them to the plaintiff. At the instance and request of the defendant, the plaintiff used these moulds exclusively for the manufacture of glassware for the defendant upon its orders.

"4. By reason of the use to which these moulds were put by the plaintiff at the request of the defendant, it became necessary, from time to time, *to replace, and to make additions to,* various parts of the moulds, whereupon the *plaintiff, at the request of the defend-*

*ant*,* from time to time purchased or manufactured replacement and added parts and installed them in the moulds being used exclusively for manufacture of glassware for the defendant, for which the *defendant orally agreed to pay.*

"5. A list of the replacement and added parts so purchased or manufactured by the plaintiff at the request of the defendant, together with the dates such parts were installed and the cost of such parts, as they appear on the books of the plaintiff, is attached hereto, made a part hereof and marked Exhibit 'A'."

The complaint averred facts which created a valid cause of action, namely, an oral promise to pay the cost of replacements of and additions to certain moulds, the cost thereof; and a request by plaintiff to pay, and a refusal by defendant to pay, the cost or any part thereof. Plaintiff proved at the trial—although its evidence and proffered evidence of the defendant's oral promise was very weak—all the facts averred in its complaint, and consequently made out a prima facie case.

The Court below entered a compulsory nonsuit on the ground that plaintiff had pleaded an *express* contract and its evidence did not prove an express contract, as that term is known to the law. The nonsuit cannot be sustained.

It is unnecessary to decide whether the facts which plaintiff pleaded constitute an express** contract or an implied** contract upon which recovery may be had on a quantum meruit.** The important and controlling

---

* Italics throughout, ours.

** Cf. *Lach v. Fleth*, 361 Pa. 340, 64 A. 2d 821; *Witten v. Stout*, 284 Pa. 410, 131 A. 360; *Braden Estate*, 363 Pa. 42, 68 A. 2d 734; *Burr Estate*, 381 Pa. 547, 113 A. 2d 712; *John Conti Co., Inc. v. Donovan*, 358 Pa. 566, 57 A. 2d 872; *Cramer v. McKinney*, 355 Pa. 202, 49 A. 2d 374; *Bemis v. Van Pelt*, 139 Pa. Superior Ct. 282; 11

point in this case is that plaintiff pleaded facts (which it did not label) which averred a valid cause of action and proved at the trial the facts which it averred. The allegata and probata agreed, and therefore plaintiff was entitled to have his case decided by the jury.

Judgment of nonsuit reversed and new trial granted.

A. 2d 499; *Hartman v. Moloney*, 128 Pa. Superior Ct. 302, 194 A. 234; Blackstone's Commentaries, Lewis's Ed., Vol. 3, page 1154, §162; Dunlap-Hanna, Pennsylvania Forms, Vol. 1, §321; Revised Standard Pennsylvania Practice, Vol. 3, pages 401-6.