## Cooper v. Cooper

*Stuckenrath & Knepp*, for plaintiff.
*John B. Schaner*, for defendant.

LEHMAN, P. J., February 28, 1963.—On January 21, 1963, after argument and filing of a brief on behalf of defendant, we granted plaintiff's motion to strike defendant's rule to file a bill of particulars, declared the divorce action "at issue" and that we would entertain a motion for the appointment of a master. By reason of defendant's appeal from this decree to the Superior Court, we have withheld making said appointment. This opinion is written in support of said decree.

Plaintiff filed his complaint in divorce on August 1, 1960, charging defendant with indignities to the person and desertion. The action has been beset by an interminable amount of pleadings caused, on the one hand, by hasty preparation of the complaint and amended complaints and, on the other hand, by dilatory pleadings on behalf of the defendant.

Pursuant to defendant counsel's praecipe, a bill of particulars was filed January 3, 1961. Preliminary objections were filed to said bill, charging lack of specificity as to many assigned reasons. Some of these reasons were sustained and plaintiff was granted leave to file an amended bill of particulars to supply the required

specifications. After preliminary objections were lodged against the amended bill, we decreed same to be adequate.

Meanwhile, counsel for defendant was successful in having us sustain preliminary objections to plaintiff's complaint in that it failed, inter alia, to allege a period of time for the indignities to the person.[1] We granted leave to plaintiff to file an amended complaint to remedy this omission. Preliminary objections were filed to the amended complaint and we sustained them in so far as said amended complaint failed to allege defendant's citizenship[2] and length of time plaintiff has resided in the Commonwealth.[3] We granted leave to plaintiff to file a second amended complaint in accordance with our decree. We filed no opinion with this decree. Plaintiff's second amended complaint, inter alia, alleged that "the Defendant is a citizen of the United States of America" and that "the Plaintiff has been a resident in the Commonwealth of Pennsylvania for a period of thirty-six years." This pleading was attacked by preliminary objections in that it failed to aver the State citizenship

---

[1] Freedman, Law of Marriage and Divorce in Pennsylvania (2nd Ed.), §§543, 545; Garrett v. Garrett, 27 Pa. C. C. 237.

[2] Act of March 13, 1815, P. L. 150, 6 Sm. L. 286, sec. 11, required not only residence within the State for one whole year prior to the filing of the libel in divorce, but also citizenship in Pennsylvania. This dual requirement was subsequently abolished but throughout the intervening acts of assembly pertaining to divorce, the word, "citizen," when used, concerned citizenship in Pennsylvania. See Act of April 18, 1843, P. L. 340; Act of April 26, 1850, P. L. 590, sec. 6; Act of May 8, 1854, P. L. 644, sec. 2; Act of March 9, 1855, P. L. 68; Act of April 22, 1858, P. L. 450; Act of June 20, 1893, P. L. 471; Act of April 28, 1903, P. L. 326. Pennsylvania Rule of Civil Procedure 1126(3) must be construed in the light of this legislative background. See Clee v. Clee, 2 D. & C. 199, 200; Heath v. Heath, 44 Pa. Superior Ct. 118, 123; King v. King, 17 D. & C. 25, 26; Freedman, Law of Marriage and Divorce in Pennsylvania (2nd Ed.), §§115, 116, 118, and cases cited thereunder.

[3] Pa. R. C. P. 1126(4).

of defendant and that plaintiff had been a bona fide resident in this Commonwealth at least one whole year immediately previous to the filing of his complaint.[4] We sustained the preliminary objections[5] for these two reasons and granted leave to plaintiff to file a third amended complaint. We filed an opinion in support of this decree.

Plaintiff's third amended complaint was met with

---

[4] Under section 16 of the Divorce Law, enacted May 2, 1929, P. L. 1237, as amended September 27, 1955, P. L. 606, sec. 1, 23 PS §16, the one year's bona fide residency in the Commonwealth immediately preceding the filing of the complaint on either the part of the plaintiff or defendant must be averred in the complaint because it is a necessary jurisdictional fact: Freedman, Law of Marriage and Divorce in Pennsylvania (2nd Ed.), §§131, 540; Frazer v. Frazer, 71 Pa. Superior Ct. 382; Masefield v. Masefield, 159 Pa. Superior Ct. 6, 46 A. 2d 329. It is to be noted that section 16 of the Divorce Law, supra, is not suspended or affected by Pennsylvania Rule of Civil Procedure 1409. Plaintiff's original complaint contained this necessary averment but for some unexplained reason it was not included in the second amended complaint.

[5] The preliminary objection is designed as the exclusive method for the raising of all dilatory objections in a single step: Goodrich-Amram Civil Practice, §1017(a)-6. While every defendant should be permitted to require plaintiff to comply with the formal requirements of the pleading statutes or rules in advance of filing an answer to the merits, this should be done at one time: id., §1017(b)-1. Pennsylvania Rule of Civil Procedure 1032 provides for an irrevocable waiver by defendant of any "defenses and objections" which are not presented by "preliminary objection" "or by answer," except in the familiar instances of jurisdiction over the subject matter, legal insufficiency of plaintiff's claim and the failure to join an indispensable party: id., §1017(b)-3. In the instant case, the amended complaint failed to comply with Pa. R. C. P. 1126(3) (4), in that it contained no averment of defendant's citizenship and length of time plaintiff had resided in the Commonwealth and was accordingly legally insufficient. The second amended complaint failed to aver the one year's bona fide residency in Commonwealth immediately preceding the filing of the complaint, a necessary averment for jurisdictional purposes. For these reasons, leave was granted plaintiff to file the amended complaints.

preliminary objections but, after argument and briefs, we overruled same as to its sufficiency in pleading.

Counsel for defendant then filed a praecipe with the prothonotary for a rule upon plaintiff to show cause why a bill of particulars should not be filed. Counsel for plaintiff countered with a motion to strike said rule and it is from our decree granting plaintiff counsel's motion to strike that counsel for defendant has appealed.

All four complaints in divorce: the complaint, amended complaint, second amended complaint and third amended complaint, charged defendant with the same grounds, viz: indignities to the person and desertion. The only question before us was whether plaintiff should be required to file a bill of particulars to the third amended complaint when he had filed a bill of particulars and an amended bill of particulars, the latter of which we have held adequate.

Counsel for plaintiff has argued that having fully satisfied the court as to the sufficiency of his amended bill of particulars, it would be repetitious for him to be required to file another bill of particulars in support of a pleading that charges the same grounds for divorce. Counsel for defendant has argued that there is a distinction between an amendment to a complaint and an amended complaint in that the latter implies an entirely new document, whereas the former is a document that must be considered with the complaint already filed. He has contended that the third amended complaint, which we directed be filed by that designation, is an entirely new document and that no bill of particulars of a prior complaint is any particularization or amplification of any part of the new document.

Strictly speaking, the amended pleading takes the place of the original pleading in framing the issue and determining the scope of the trial, whereas an amendment to a complaint is not a substitute for the original

but merely in the nature of additional averments tending to make the original more specific: Revised Standard Pa. Pract. Vol. 3, pp. 736, 737, and cases therein cited.

Pennsylvania Rule of Civil Procedure 1121(b) provides that, except as otherwise provided, the procedure in a divorce action shall be in accordance with the rules relating to the action of assumpsit. Pennsylvania Rules of Civil Procedure 1028 and 1033 concern assumpsit actions. Each of said rules speaks of both an amended pleading and an amendment to a pleading.

It will be observed that the Rules of Civil Procedure fail to set forth any requirements as to the form of an amended pleading or to that of an amendment: Revised Standard Pa. Pract., Vol. 3, p. 737.

We have no local rule of court specifying whether the new pleading, when permitted, shall be an amended pleading or an amendment to the pleading. Our practice has been to allow, when deemed proper, an amended pleading and in such instances, the pleading, as thus amended, is set out anew.

If our decree of court had granted leave to plaintiff to file a third amendment to the complaint, counsel for defendant would not have been entitled to another bill of particulars because the third amendment to the complaint would be considered together with the complaint and an amended bill of particulars had been filed which particularized the alleged facts in support of indignities to the person and desertion charged in the complaint. Can counsel for defendant successfully contend he is entitled to another bill of particulars merely because we granted leave to plaintiff to file a third amended complaint rather than a third amendment to the complaint? We think not, because the grounds for divorce have remained the same in all pleadings and defendant has been sufficiently apprised of their particulars. "A bill of particulars is an amplification or

more particular specification of the matter set forth in the pleading. While it need not state more than the party furnishing it is bound to prove under the pleading, it must be as specific as the circumstances of the case will allow, and should fairly apprise the opposite party and the court of the nature of the claim or defense made and the nature of the evidence: 3 Ency. of Pleading & Practice, 519, 532": Weedon v. Weedon, 34 Pa. Superior Ct. 358, 362.

Likewise, in commenting upon Pa. R. C. P. 1128(a), which relates to a bill of particulars, Goodrich-Amram §1128(a)-1, states:

"The purpose of the bill of particulars is to require the plaintiff to furnish the defendant with a specification of the particulars relied on as the basis for the action. In other words, it is an amplification of the complaint. It must inform the defendant in general of the nature and cause of the accusations and the time and place of the occurrence": Sonoff v. Sonoff, 13 D. & C. 2d 506, 508.

A bill of particulars is sufficient where it fairly apprises the adverse party of the claim made against him: Kelley v. Kelley, 21 Northumb. 121. Inasmuch as the claim or accusation made against defendant in a divorce action comprises the ground or grounds set forth in the complaint, the bill of particulars should amplify said ground or grounds on which the action is based. See Freedman, Law of Marriage and Divorce in Pennsylvania (2nd Ed.), §579 and cases cited therein.

Pennsylvania Rule of Civil Procedure 1128(a), as amended effective October 1, 1961, provides that the prothonotary, upon praecipe, shall enter a rule as of course upon the party seeking a divorce or annulment to file a bill of particulars as to such cause of action.

Defendant availed herself of this right when her counsel on December 2, 1960, filed a praecipe for a

rule upon plaintiff to file a bill of particulars to the original complaint. Plaintiff complied with said rule on January 3, 1961, by filing a bill of particulars. After sustaining defendant counsel's preliminary objections thereto, plaintiff filed on March 3, 1961, by leave of court, an amended bill of particulars. Where the grounds for divorce as alleged in the complaint remain the same, whether in successive amended complaints or amendments to the complaint, defendant, having once invoked Pa. R. C. P. 1128(a) for a rule to file a bill of particulars, cannot again invoke said rule upon the filing of a subsequent amended complaint or an amendment to the complaint. See Decker v. Decker, 3 Lyc. 181.

In this regard, it matters not whether the subsequent pleading is labeled an amended complaint or an amendment to the complaint. A pleading should be judged on the sufficiency of its averments irrespective of the absence of, or error in, the label attached to the pleading. See American Glass Corp. v. Imperial Lighting Products Company, 389 Pa. 487, 133 A. 2d 841.

The Pennsylvania Rules of Civil Procedure exemplify the modern tendency toward less emphasis on form and technicalities and liberality in permitting amendments: Revised Standard Pa. Pract., Vol. 3, p. 655. These rules and the amendment statutes which preceded them seek to prevent a defeat of justice through a mere mistake and reach a just result on the merits of the case upon the trial without inflicting any injustice on the defendant. They are designed to correct mistakes, avoid formality and secure substantial justice by a fair trial on the merits by the most direct road and in the most expeditious manner consistent with a due regard to the rights of the parties: id., pp. 659, 660 and cases cited therein.

No useful purpose could be served by requiring plaintiff to file a repetitious pleading. For these reasons we

granted plaintiff's motion to strike defendant's rule to file another bill of particulars.